Commonwealth *v.* Laboy, Appellant.

Submitted May 6, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*D. Patrick Zimmerman*, with him *Thomas E. Harting*, for appellant.

*Henry J. Rutherford*, First Assistant District Attorney, and *Clarence C. Newcomer*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1970:

On October 19, 1968, appellant, Roberto Santiago Laboy, brandishing a kitchen knife, chased his wife, Carmen Mercado, Laboy, out of the house and into the street, caught up to her and stabbed her in full view of some residents of the neighborhood. Mrs. Laboy died shortly thereafter of a punctured lung, and the appellant was arrested and charged with murder.

Represented by two court-appointed lawyers, appellant waived a jury trial and entered a plea of not guilty to the charge of murder. The appellant was tried, found guilty of murder in the second degree and sentenced to a term of ten to twenty years. The matter is on direct appeal from that judgment of sentence.

Appellant raises two issues in his appeal. He first argues that the trial court's statement of the law, made by way of explanation to the appellant, was analogous to a court's instructions to a jury and constituted basic and fundamental error because the court stated: "Now all murder under the law is presumed to be of the second degree (I am just citing the law now, first.) and the burden of proof is on the Commonwealth to show facts and circumstances constituting a wilful, deliberate and premeditated killing of a human being to raise it to murder of the first degree."

The court's explanation was correct. If the Commonwealth has proved beyond a reasonable doubt that the defendant has committed a murder, under the law that murder is presumed to be of the second degree. There is then a further burden of proof on the Commonwealth to show "facts and circumstances constituting a wilful, deliberate and premeditated killing of a human being to raise it to murder of the first degree."[1] There is no indication that the trial court did not understand this. In fact, there is every indication that it did.

Appellant also argues that he was not adequately and effectively represented by counsel. He emphasizes the decision of his counsel to waive a jury trial in return for the Commonwealth's stipulation that the degree of the crime would rise no higher than murder in the second degree, and he also contends that his counsel failed to argue diligently the elements of voluntary manslaughter. However, appellant's testimony on the stand was extremely sparse as to provocation, reasonableness of provocation, passion and the absence of a cooling-off period. Appellant did testify that his wife had told him that she didn't love him anymore, that

---

[1] Unless, of course, the elements of the felony murder rule are present.

instead she loved his brother, Reuben, who was waiting for her to return to Puerto Rico. However, a number of other witnesses who witnessed the argument between appellant and his wife testified that while he accused her of having an affair with his brother, she repeatedly denied it.

Appellant's contention that there was no real possibility that he could be found guilty of first degree murder and, therefore, received no value for his decision to waive a jury trial is not supported by the evidence. There was testimony that the appellant was, despite his protestations to the contrary, not intoxicated, and a number of witnesses saw him pick up a kitchen knife and chase his wife out of the house where other witnesses saw her screaming for help as he chased after her and finally caught up with her just as she was crawling through a car owned by another resident of the neighborhood. A jury might have found a wilful, deliberate, premeditated killing from these facts.

Moreover, even though this is not a tardy appointment of counsel case, the test of effectiveness of counsel outlined in *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967), is apropos. We there indicated that our task in determining questions of effective representation includes an independent review of the record and "an examination of counsel's stewardship of the now challenged proceeding in light of the available alternatives." We there held that we could not, by employing a hindsight evaluation of the record, determine whether alternatives other than those chosen by counsel were more reasonable and that "the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." See also *Commonwealth v. Woody*, 440 Pa. 569, 271 A. 2d 477 (1970) and *Commonwealth v. Skipper*, 440 Pa. 576, 271 A. 2d 476

(1970). Our independent review of the record in the light of the *Washington* test convinces us that appellant had adequate representation.

Judgment affirmed.