326 A.2d 340
**COMMONWEALTH of Pennsylvania**
v.
**John Gus RUSH, Appellant.**

Supreme Court of Pennsylvania.
Argued Nov. 16, 1973.
Decided Oct. 16, 1974.

24

F. Ross Crumlish, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., ·Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., D. Richman, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant, John Rush, was indicted and charged with murder, aggravated robbery, and conspiracy. Prior to trial a confession to the crimes made by the appellant was the subject of a motion to suppress. A hearing on the motion was held and it was subsequently denied. Trial was had before a judge and jury and the appellant was found guilty of murder in the first degree, aggravated robbery, and conspiracy. Post-trial motions were filed and denied by the court *en banc*. Thereafter, appellant was sentenced to life imprisonment on the murder conviction to be followed by twenty years probation on the aggravated robbery conviction. Appellant received a

suspended sentence on the conspiracy conviction. This appeal followed.[1]

The first issue before us is whether appellant's confession was improperly admitted into evidence in that it was the product of an arrest made without probable cause. Harold Daniels, appellant's co-conspirator, confessed to the murder-robbery of one Francis George, then a student at the University of Pennsylvania. In his statement, Daniels implicated the appellant as the other individual who went along with him to make a "hit". Based upon this information the detective supervising the interrogation directed two police officers to arrest the appellant. The officers had not been privy to Daniels' confession and implication of the appellant.

From the aforesaid facts, appellant contends that the confession of a co-conspirator implicating the appellant in the murder-robbery was not sufficient to support a finding of probable cause to support his arrest. Moreover, it is contended that the arresting officers lacked sufficient grounds to arrest the appellant in that they were not apprised of the information constituting probable cause. We find appellant's contentions to be without merit.

A constitutionally valid warrantless arrest must be based on probable cause indicating that the person arrested has committed or is in the process of committing the crime. *Whiteley v. Warden,* 401 U.S. 560, 566, 91 S. Ct. 1031, 28 L.Ed.2d 306 (1971); *Henry v. United States,* 361 U.S. 98, 100–102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *Commonwealth v. Norwood,* 456 Pa. 330, 319 A. 2d 908 (1974) (J–147); *Commonwealth v. Kenney,* 449 Pa. 562, 567, 297 A.2d 794, 796 (1972); *Commonwealth v.*

---

1. Appeals from the judgment of sentence on the charges other than homicide are before this Court pursuant to the Act of July 31, 1970, P.L. 673, No. 223, art. V, § 503, 17 P.S. § 211.503 (Supp. 1974–75) which provides generally that the appellee's failure to object to appellate jurisdiction in such matters within a certain period of time will operate to perfect such appellate jurisdiction.

*Garvin,* 448 Pa. 258, 262, 293, A.2d 33, 35 (1972); *Commonwealth v. Bishop,* 425 Pa. 175, 181, 228 A.2d 661, 664–665 (1967). In the instant appeal, probable cause for the warrantless arrest is premised upon the information received from Daniels' confession implicating the appellant in the criminal venture. We have held that "the confession of a co-defendant which implicates the suspect will supply the probable cause for a warrantless arrest." *Commonwealth v. Kenney, supra* 449 Pa. at 567, 297 A.2d at 796; see also, *Commonwealth v. White,* 447 Pa. 331, 290 A.2d 246 (1972); *Commonwealth v. Matthews,* 446 Pa. 65, 285 A.2d 510 (1971).

■■ The facts and circumstances establishing probable cause must be known to the police at the time of the arrest. *Henry v. United States, supra* 361 U.S. at 103, 80 S.Ct. 168; *Commonwealth v. Kenney, supra* 449 Pa. at 565–567, 297 A.2d at 795. However, acting on the orders of an officer with probable cause obviates the need for probable cause on the part of the arresting officers. *Whiteley v. Warden, supra* 401 U.S. at 568–569, 91 S.Ct. 1031 (1971); *United States v. McCarthy,* 473 F.2d 300, 306 (2d Cir. 1972); *United States v. Loundmannz,* 153 U.S.App.D.C. 301, 472 F.2d 1376, 1379 (1972) (*per curiam*), cert. denied, 410 U.S. 957, 93 S.Ct. 1431, 35 L.Ed. 2d 691 (1973); *Commonwealth v. Kenney, supra* 449 Pa. at 565–567, 297 A.2d at 795.

■ It is clear that the supervising detective who ordered the arrest of the appellant had the requisite information to support a finding of probable cause, consequently, the arresting officers who made the arrest pursuant to the order of their superior acted within the confines of the fourth amendment.

■ The second contention of the appellant also lacks merit. It is argued that because the defendant was only seventeen years of age the warnings prescribed by the Supreme Court in its decision in *Miranda v. Arizona,* 384

U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were inadequate. While there may be a situation where the record demonstrates that the required warnings did not, in fact, convey a sufficient quantum of knowledge for an accused to make an intelligent and voluntary election to waive his fifth amendment and sixth amendment rights, this is not such a case. There is nothing in this record to suggest that this young man in the presence of his mother was not fully aware of his constitutional rights and elected of his own free will to waive his rights to remain silent and to have counsel.

Judgment of sentence affirmed.