383 A.2d 930

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Frank MITCHELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 12, 1977.

Decided March 23, 1978.

Defender Assn. of Philadelphia, Benjamin Lerner, Defender John W. Packel, Chief, Appeals Div. Asst. Public Defender, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Jane C. Greenspan, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order of the Court of Common Pleas, Philadelphia County, denying relief on a Post Conviction Hearing Act petition filed by appellant, Joseph Frank Mitchell.

Appellant was convicted by a jury of murder of the first degree for the 1966 slaying of Doris Shenk. Post-verdict motions were denied and appellant was sentenced to life imprisonment. On direct appeal, we affirmed the judgment of sentence. *Commonwealth v. Mitchell*, 445 Pa. 461, 285 A.2d 93 (1971).

In June of 1975, appellant filed a *pro se* Post Conviction Hearing Act petition. Counsel was appointed, and in November, 1975, an amended petition was filed. Following a March, 1976 hearing, the court below denied appellant's petition in June, 1976. This appeal followed.

Appellant first claims that he was denied the effective assistance of counsel for a number of reasons. In *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1967), we stated:

" . . . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Emphasis in original.)

We have also held that counsel is not ineffective for failing to raise baseless or frivolous issues. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974). With this standard in mind, we will discuss appellant's claims concerning his trial counsel's effectiveness.

Appellant first claims that trial counsel was ineffective in failing to file a suppression motion related to his confession as the fruit of an illegal arrest. We do not agree.

The facts as found at the suppression hearing are as follows. The victim's nude body was discovered in a vacant house on East Boston Street on October 15, 1966. Police suspected that the victim may also have been sexually assaulted. During their investigation, the police found out that the victim had been seen alive on Thursday evening, October 13, with appellant and four other people. After interviewing some of these witnesses, police discovered that the victim was last seen drinking wine with appellant and Thomas Burns, walking in the direction of East Boston Street. Police were sent out at approximately 10:00 p. m. on

October 15 to ask both appellant and Burns to go to the police station for questioning.

Detective James Melley was sent to find appellant while other officers picked up Thomas Burns for questioning. In a statement given between 11:20 p. m. and midnight, Burns told police he had left appellant and the victim alone in the house where the victim's body was discovered. Detective Melley, however, was not informed of Burns' statement before picking up appellant. After going to the home of appellant's parents, Melley learned that appellant was visiting friends in Aston, Pennsylvania, approximately one hour from Philadelphia. Melley and two other officers drove to Aston, where they met the Aston Township police chief, who went with the Philadelphia officers to the house where appellant was visiting. The officers arrived shortly before midnight. Appellant was asked to return to Philadelphia to discuss his drinking with Ms. Shenk. Appellant was neither informed of his constitutional rights nor told that police wanted to question him about a homicide. Appellant was not told that he was under arrest. He arrived at the Police Administration Building at approximately 1:00 a. m. on October 16. After being placed in an interrogation room and advised of his constitutional rights, appellant gave an inculpatory statement within fifteen minutes of the commencement of questioning.

Appellant argues that he was arrested and that his arrest was illegal since it was made without probable cause. Further, appellant argues that his confession was a "fruit of the illegal arrest." Appellant thus believes that his trial counsel was ineffective in failing to advance this theory in his motion to suppress the confession. We disagree, because we believe that if appellant was arrested,[1] the arrest was based on probable cause, thus negating appellant's fruit of the poisonous tree argument.

In *Commonwealth v. Dickerson*, 468 Pa. 599, 364 A.2d 677, 680–81 (1976), we stated:

1. As in appellant's direct appeal, we need not decide whether appellant was arrested at the Aston residence, because that question is irrelevant to the disposition of this appeal.

"Probable cause has been defined as those facts and circumstances available at the time of the arrest which would justify a reasonably prudent man in the belief that a crime has been committed and that the individual arrested was the probable perpetrator. . . . The test is not one of certainties but rather one of probabilities dealing with the considerations of everyday life. It is not equivalent to the 'proof beyond a reasonable doubt' standard applied at trial. . . . Necessarily the test for probable cause is the same whether or not a warrant is present, since an arresting officer must be aware of information sufficient for the issuance of a warrant at the moment he makes an arrest." (Citations omitted.) (Emphasis added.)

At the time Detective Melley was sent to find appellant, he or his superior officer[2] knew that a thorough police investigation had revealed that the victim was last seen alive with appellant and Burns. The trio was last seen drinking wine walking towards East Boston Street. The victim's body was discovered in a vacant house on East Boston Street with alcohol in her blood. The police further suspected that the victim had been sexually assaulted. As probable cause requires only probabilities and not proof beyond a reasonable doubt, we believe Detective Melley could have effectuated a valid warrantless arrest in Aston. Since we find a legal arrest, appellant's ineffectiveness of counsel claim is without merit.

Appellant next claims that trial counsel was ineffective for failing to attempt to have his confession suppressed as the product of illegally seized evidence. We disagree.

The facts are as follows. While Detective Melley went to pick up appellant and return with him to Philadelphia, another set of detectives obtained a search warrant for appellant's residence. During the search officers seized a pair of appellant's undershorts. Appellant claims that dur-

2. See *Commonwealth v. Rush*, 459 Pa. 23, 326 A.2d 340 (1974); *Commonwealth v. Lassiter*, 457 Pa. 582, 321 A.2d 902 (1974).

ing his interrogation, he was confronted with these shorts and confessed for this reason.

Testimony was given by a Commonwealth witness, however, that appellant was never confronted with the shorts seized at his residence; rather, appellant's confession was based on a desire to clear his conscience. Appellant's claim is thus based on his credibility. In light of the Commonwealth's evidence to the contrary, and this court's scope of review[3], it was reasonable to not pursue appellant's theory at the suppression hearing. Trial counsel was not ineffective on this theory.

Appellant next contends that trial counsel was ineffective for failing to attempt to suppress a pair of undershorts. Appellant claims that the shorts were those seized during the illegal search of his residence and thus suppressible. The record indicates, however, that these shorts were never introduced into evidence. Counsel was not ineffective for failing to pursue a frivolous issue. *Commonwealth v. Rice, supra.*

Appellant raises numerous other issues concerning effectiveness of trial counsel. These points were not raised in the counseled amended Post Conviction Hearing Act petition. Appellant raised these specific issues for the first time in his brief which was submitted after the post conviction hearing. We believe these claims are waived, because appellant, by waiting until after the hearing, denied the Commonwealth an opportunity to defend against assertions raised at such a late date. We thus refuse to consider

---

**3.** In *Commonwealth v. Riggins*, 451 Pa. 519, 522, 304 A.2d 473, 474 (1973), we stated our scope of review in determining the correctness of a suppression court's order:

"'Our task on review, . . . [of a suppression hearing] is to consider only "the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Culombe v. Connecticut*, 367 U.S. [568] supra at 604 [, 81 S.Ct. 1860 at 1880, 6 L.Ed.2d 1037].' *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 149–50, 239 A.2d 426, 430 (1968)."

See also *Commonwealth v. Kichline*, 468 Pa. 265, 280, 361 A.2d 282, 290 (1976).

anything not raised in a counseled petition. See Pa.R. Crim.P. 1506(4).

Appellant finally contends that he is entitled to retroactive application of our decision in *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974), where we held it was error to charge the jury that a defendant had to prove certain defenses by a preponderance of the evidence. Appellant's claim, however, is meritless. In its charge to the jury, the court stated:

"Now, the defendant comes before you, as you have heard it said before, which is true, presumed to be innocent of the crimes with which he is charged. The fact that he has been indicted for these crimes is no evidence of his guilt. This means that *the law doesn't place upon him, the defendant, the burden of proving that he is innocent of the crimes with which he has been charged or for which he is standing trial. On the contrary, the law places on the Commonwealth the burden of proving that he is guilty beyond a reasonable doubt."* (Emphasis added.)

■  Appellant raised two defenses at trial—his own intoxication and the bad reputation of the victim.[4] When discussing these defenses, the trial court never placed any burden of proof on appellant. The court's charge thus complied with *Rose,* even though appellant's trial predated that decision by six years.

Order affirmed.

ROBERTS, J., files a dissenting opinion.

MANDERINO, J., files a dissenting opinion.

NIX, J., dissents.

ROBERTS, Justice, dissenting.

I dissent. At trial, the most important evidence against appellant was a statement he made to police. Appellant now asserts that his counsel was ineffective for failing to

4.  At the time of appellant's trial, the bad reputation of a victim plus consent on her part was a defense to statutory rape.

move to suppress the statement as a product of an illegal arrest and of illegally seized evidence.

Appellant asserts that he confessed while in custody only after police showed him a pair of shorts which had been illegally seized. The Commonwealth admits that the shorts were seized upon a search warrant issued without probable cause, but contends that appellant was not shown the shorts before he confessed. The Commonwealth also contends the arrest itself was made with probable cause because appellant was one of two men with the victim the last time she was seen alive, two days before the body was discovered.

The majority suggests that challenging the statement as the fruit of an illegal arrest and the fruit of the seizure of the shorts would have been futile because there was some evidence indicating the arrest was based on probable cause and the shorts did not induce the confession. The majority concludes counsel was not ineffective for failing to raise these issues, citing *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

However, appellant's trial attorney knew that appellant would testify that the shorts did in fact induce him to make the statement. This testimony, if believed, would require suppression of the statement. Similarly, trial counsel knew that the evidence supporting the arrest was sufficiently weak that a reasonable factfinder could have found probable cause to arrest lacking.

I am unable to conclude that raising these issues at the suppression hearing would have been futile; hence counsel may not be excused for failure to do so. Further, I see no reasonable strategic basis on which counsel could have decided to forego the opportunity to have the probable cause for appellant's arrest and the connection between the seizure of the shorts and the statement tested by an impartial factfinder, particularly in view of the damning nature of the statement and its importance to the case.

I would therefore reverse the decision of the Post Conviction Hearing court and remand so that appellant may raise these issues at a suppression hearing.

MANDERINO, Justice, dissenting.

I dissent. The majority first states it need not decide whether appellant was arrested (footnote 1, *ante*), but then goes on to conclude that appellant's arrest was legal. I can only assume from the majority's conclusion that "we find a legal arrest" that the majority did, in fact, decide appellant was arrested when police officers picked him up at his friend's house in Aston, Pennsylvania. I agree appellant was arrested, but I emphatically disagree with the majority's conclusion that appellant's arrest was legal because "Detective Melly could have effectuated a valid warrantless arrest" of appellant at that time. That statement by the majority plainly ignores a well-established principle of Fourth Amendment jurisprudence: that warrantless arrests are constitutional only in very limited circumstances. *Carroll v. United States*, 267 U.S. 132, 156, 45 S.Ct. 280, 286, 69 L.Ed. 543, 552–53 (1925) ("the guaranty of the Fourth Amendment [is that] where the securing of a warrant is reasonably practicable, it must be used"). *See also Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *cf. Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The majority concludes Detective Melley had probable cause to arrest appellant. Assuming *arguendo* that the majority is correct, the fact that police officers have cause to arrest does not relieve the officers of the necessity to obtain an arrest warrant where practicable; the United States Supreme Court has flatly rejected the argument that "the existence of probable cause renders noncompliance with the warrant procedure an irrelevance." *Coolidge v. New Hampshire, supra*, 403 U.S. at 450, 91 S.Ct. at 2030, 29 L.Ed.2d at 574.

The majority upholds this warrantless arrest without examining whether or not it was practicable for the police to obtain a warrant for appellant's arrest. No exigent circumstances appear in the record, and it is clear none existed. The police had ample time to obtain an arrest warrant, the

police knew where appellant was, and there was no indication appellant was attempting to flee authorities or otherwise prevent his apprehension. Indeed, other detectives had time to obtain a search warrant for appellant's residence, yet the majority does not explain why there was not equal time to obtain an arrest warrant to seize appellant. The fact is, if this arrest was not unconstitutional because effectuated without an arrest warrant, this Court has written the arrest warrant requirement completely out of the Fourth Amendment, for this arrest is precisely the kind of arrest in which it was intended that a warrant be obtained. If police officers in this Commonwealth have an untrammelled right to arrest without a warrant, why ever bother to get a warrant?

It should have been a neutral, detached magistrate, not a police officer, who made the decision that appellant should be seized in connection with this crime. *See Beck v. Ohio,* 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142, 147 (1964). The Fourth Amendment arrest warrant requirement was intended to insure that citizens enjoy this important safeguard against arbitrary government seizures, and by today's decision this Court seems willing to abandon that safeguard and allow police officers unfettered discretion as to whom they will arrest and how much information they need to justify an arrest.

I dissent.