413 A.2d 675

**COMMONWEALTH of Pennsylvania**

v.

**Wilmer B. GAY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided April 28, 1980.

Roberts, J., concurred regarding such allegation and filed opinion.

Robert B. Mozenter, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Cynthia H. Severinsen, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J.; and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Wilmer B. Gay, was convicted of murder of the first degree and aggravated assault and battery in the Court of Common Pleas of Philadelphia. He was sentenced to imprisonment for life for murder and three and one-half to seven years for assault and battery, the sentences to run concurrently. We affirmed the judgment of sentence on direct appeal per curiam, without an opinion, 459 Pa. 567, 330 A.2d 843 (1975).

On January 6, 1977, appellant, now represented by counsel other than trial counsel, filed a petition under the Post Conviction Hearing Act,[1] alleging various instances of ineffectiveness of trial and direct-appeal counsel. On July 20, 1977, a hearing was held on appellant's petition. On August 25, 1977, appellant filed an amended petition, alleging three new and entirely different instances of ineffectiveness on

---

1. Act of January 25, 1966, P.L. 1580, § 1, 19 P.S. § 1180–1 (Supp. 1979–80).

the part of trial and direct-appeal counsel. On April 4, 1978, the court denied appellant's petition and this appeal followed.

According to the Commonwealth's evidence, appellant and one Vaughan Stockton were at a party at the home of his estranged wife, Falivia Gay, on April 24, 1971. An exchange took place in which appellant accused Stockton of being involved with his wife and invited him to leave the party. Appellant, his wife, and Stockton all went outside. Further words were exchanged and then appellant took out a gun that he was carrying, shot and wounded Stockton, and chased his wife down the street. Several shots were heard. Appellant's wife was found dead by the police. Appellant contended that Stockton had the gun, that it went off while he and Stockton were struggling with it, and that Stockton then chased him and his wife.

In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), we held that when counsel is alleged to have been ineffective, the reviewing court is to independently review the record and examine counsel's stewardship in light of available alternatives. Counsel is deemed to have been effective once it can be determined that the course of action followed had a reasonable basis designed to effectuate the client's interests. Counsel is not ineffective for failing to assert a nonexistent right. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974). The burden is on appellant to establish his right to relief. *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976).

The first alleged instance of ineffectiveness that we will discuss is counsel's failure to appeal the trial court's refusal to charge on self-defense. Appellant would have been acting in self-defense if, not being at fault in provoking the incident, he had done the shootings under a reasonable belief that his action was necessary to protect himself from death or serious bodily harm. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977). Appellant contended that Stockton was the perpetrator. Since he denied having

done the shootings at all, there was no issue of self-defense. *Commonwealth v. Young*, 460 Pa. 598, 334 A.2d 252 (1975). Appellant was not entitled to a charge thereon.

■ Appellant next argues that counsel should have objected to an allegedly improper charge on the degrees of homicide. Appellant claims that the court said that a killing is presumed to be second degree murder and also that the court did not give a proper definition of voluntary manslaughter. Reading the court's charge, we find that it was proper. The judge defined murder generally as killing "with malice aforethought. . . ." He defined first degree murder as "willful, deliberate, and premeditated killing." He stated that if the Commonwealth established the requisite malice to prove murder, the murder was presumed to be of the second degree and the burden was on the Commonwealth to raise it to first degree. The judge defined voluntary manslaughter as "the unlawful killing of another without malice [involving] . . . a direct intention to kill and without hardness of heart or cruelty, or recklessness of consequences or a mind regardless of social duty. . . .

"Voluntary manslaughter is willful, but it is necessary that the surrounding circumstances take away every evidence of cruel depravity and wanton cruelty. Therefore, to reduce an intentional wound which results in death, to voluntary manslaughter, there must be either a sufficient cause for provocation or a state of rage or passion without time to cool and placing the accused beyond the control of his reason and suddenly compelling him to do the deed. The word 'passion' in the sense in which it is used here includes such things as anger or terror, provided such a degree of intensity is present as to obscure temporarily the reason of the person affected.

"Passion means any of the emotions of the mind such as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection. . . ."

The charge was correct on the presumption of second rather than first degree murder, *Commonwealth v. Laboy*, 440 Pa.

579, 270 A.2d 695 (1970), and on the definition of voluntary manslaughter, *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972).

■ Another allegedly erroneous jury instruction to which counsel failed to object concerned the charge of assault and battery with intent to kill. The court defined the crime as an assault "where one wounds any person or by any means causes any person bodily injury dangerous to life with intention to commit murder." The instruction was correct and in conformity with the statutory definition of the crime. Criminal Code of June 24, 1939 P.L. 872, § 710, 18 P.S. § 4710.

■ Appellant also alleges an improper instruction on reasonable doubt. Trial counsel did not raise the issue in post-verdict motions. The judge began by saying that the defendant was presumed to be innocent and that the Commonwealth bore a never-shifting burden to prove his guilt beyond a reasonable doubt. He defined a reasonable doubt as one which "would cause a reasonably prudent [person] . . . to pause and to hesitate in a matter of the highest importance to himself or herself . . . [it] must be one that fairly strikes the conscientious mind and clouds the judgment. It is not . . . such a doubt as one might conjure up [to avoid] . . . an unpleasant verdict . . . it is a doubt which is reasonable and which fairly arises out of the evidence." The charge was correct. *Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978).

■ Appellant's last complaint about the jury instructions pertains to the credibility of police officers as witnesses. The court said "When police officers testify . . . you should consider them as fallible human beings, and therefore they may make mistakes. Their testimony, therefore, is not necessarily entitled to any greater or certainly to any lesser weight than the testimony of other witnesses merely because they are policemen and officers of the law." The jury had no right to credit or discredit police officers' testimony because they were police officers. The court charged correctly on that point.

■ Appellant next alleges that counsel was ineffective in not arguing in post-verdict motions that certain color slides of the decedent's body were inadmissible because they were inflammatory. Appellant did not present any evidence on this point at the post-conviction hearing, nor are the slides part of the record before us. The record does show that the court held an *in camera* hearing and concluded that the slides were not inflammatory. The court noted that the decedent's genitalia did not appear. Defense counsel admitted that there were no gruesome details. In *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978), we held that the trial court has discretion as to whether photographs of the decedent's body may be admitted in a homicide case, that such photographs are not inflammatory *per se*, and that the court must determine whether they are inflammatory and if so, whether that fact is outweighed by their essential evidentiary value. The medical examiner who took the slides testified about them to illustrate his conclusion that decedent was shot twice in the back of her body, once in the neck and once in the buttocks. The path taken by bullets through a body may be relevant to show the manner of death and may show premeditation, and photographs of the body are relevant to illustrate that. *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974). We find that appellant has not established abuse of discretion on the part of the court or ineffectiveness on the part of counsel.

■ Appellant claims that the jury saw him in shackles on one occasion during the trial and that counsel should have moved for a mistrial or cautionary instructions. Appellant's brother and sister testified at the post-conviction hearing that appellant was in shackles. Their testimony was inconsistent as to when it happened, where the jury was, and who was present. Trial counsel testified that he did not recall the incident and that he would have raised it if he had been aware of it. On the basis of the evidence, appellant failed to establish that he was seen in shackles.

■ Appellant finally alleges the following three assignments of error:

"ARGUMENT VIII

"Defense counsel failed to raise at post-trial or appeal level this issue of chain of custody of projectiles and casing which issue was raised at trial and he failed to raise at trial, post-verdict motions, or on appeal that recovered casings and projectiles were not relevant evidence.

"ARGUMENT IX

"Petitioner was deprived of a fair trial by a fair and impartial jury by his defense counsel's incompetence in introducing character witnesses.

"ARGUMENT X

"Petitioner was deprived of effective assistance of counsel when his lawyer erred in not objecting to making a motion for a mistrial and raising in post-verdict motion and on appeal the issue of the assistant district attorney questioning him about involvement in other court cases."

We believe, however, that these three claims have been waived.

In *Commonwealth v. Mitchell*, 477 Pa. 274, 280, 383 A.2d 930 (1978), we stated:

" .  .  . Appellant raises numerous other issues concerning effectiveness of trial counsel. These points were not raised in the counseled amended Post Conviction Hearing Act petition. Appellant raised these specific issues for the first time in his brief which was submitted after the post conviction hearing. We believe these claims are waived, because appellant, by waiting until after the hearing, denied the Commonwealth an opportunity to defend against assertions raised at such a late date. We thus refuse to consider anything not raised in a counseled petition. See Pa.R.Crim.P. 1506(4)."

Although appellant, in the instant case, filed an amended petition raising these issues, he did not file the petition until after the post-conviction hearing. We believe that the reasons set forth in *Mitchell* requiring the finding of waiver are equally applicable to the instant case and we thus hold these

claims are waived. *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978).

Order affirmed.

ROBERTS, J., files a concurring opinion.

ROBERTS, Justice, concurring.

I agree with the majority that judgment of sentence should be affirmed. Unlike the majority, however, I would also reach the merits of the three claims which the majority concludes are waived. The PCHA court adjudicated those claims, and the Commonwealth briefs and argues those claims on this appeal.

Appellant contends that counsel is ineffective for failing to challenge the relevancy and chain of custody of the casings and projectiles admitted into evidence at trial. Appellant also seeks relief on the grounds that counsel was ineffective in his introduction of character testimony, and his failure to challenge the Commonwealth's cross-examination of appellant concerning other court cases. Having reviewed the record, I would agree with the PCHA court that these claims lack merit. Accordingly, I would affirm judgment of sentence.