473 A.2d 638

**COMMONWEALTH of Pennsylvania**

**v.**

**James SCHWARZMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 21, 1983.

Filed March 23, 1984.

122

Frank J. Marcone, Media, for appellant.

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellee.

Before MONTEMURO, WATKINS and CERCONE, JJ.

WATKINS, Judge:

This appeal comes to us from the Court of Common Pleas of Delaware County and involves defendant-appellant's appeal from a judgment of sentence of six to twenty-three (6 to 23) months in prison after he was convicted, non-jury, of simple assault, aggravated assault and possessing an instrument of crime.

The defendant was convicted on December 17, 1981. He filed a motion in arrest of judgment challenging the sufficiency of the evidence on December 23, 1981. On February 1, 1982, the court advised defendant's counsel that it did not intend to have the trial testimony transcribed for purposes of briefing post-trial motions and set February 10, 1982 as the date when defendant's brief was to be submitted. On February 18, 1982 defendant's counsel advised the court that he was unable to prepare a brief without the notes of testimony. The court advised defendant's counsel that it saw no need for transcribed testimony in order to have the brief prepared and reminded counsel to submit the brief. No brief was ever submitted and on March 4, 1982 the court dismissed defendant's motion in arrest of judgment. Defendant was sentenced on March 15, 1982. He now appeals from that judgment of sentence.

The court below took the position that defendant waived the issues raised in his motion in arrest of judgment by failing to file a brief in support thereof. The issues raised in said motion were that the evidence produced at trial was insufficient to sustain the conviction and that the verdict was against the weight of the evidence.

We note that defendant's trial took only two days. Only six witnesses testified for the Commonwealth. Of these, only three witnesses (the victim, the victim's friend, and a bystander) testified as to what actually occurred on the date of the incident. Their testimony indicated that on September 25, 1980 the victim (Michael Cooke) and a companion (Michael Allen) were walking along an alleyway in Drexel Hill when they approached defendant and asked him for a match. A scuffle ensued during which defendant shot Cooke in the abdomen. All participants then left the scene

but were later found. The victim testified that the defendant shot him without provocation. Cooke admitted that he had been drinking and that he did not remember everything that had occurred during the incident. He did testify that he remembered the defendant shooting him.

On appeal, defendant raises three issues. First, he claims that the court below erred when it required his counsel to file a brief without the trial transcript. However, the issue as to whether to require the transcription of the notes of testimony prior to arguing and briefing of post trial motions is a matter within the sound discretion of the trial judge and he will be reversed only for an abuse thereof. *Commonwealth v. Moretti*, 280 Pa.Superior Ct. 167, 421 A.2d 458 (1980). Also see, Pa.R.Crim.P. 1123(a). In the instant case the defendant's trial lasted only two days, his counsel who filed the post verdict motions was the same as his trial counsel, the issues were not complicated and only six Commonwealth witnesses testified and one defense witness testified. We do not find that the trial court abused its discretion when it required defendant's counsel to file his brief before the transcription of the testimony.

Next defendant argues that he did not voluntarily waive his right to pursue post-verdict motions and that trial counsel was ineffective because he failed to file the brief. As we have said before, counsel will not be deemed ineffective for failing to pursue a frivolous issue. *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978). Such is the case herein. We, therefore, find defendant's second contention is without merit.

Defendant also argues that the evidence produced at trial was not sufficient to convict him. We find that the evidence produced at trial was sufficient. The testimony had to be transcribed for this appeal and it reveals that the victim's testimony, if believed, was sufficient to convict the defendant. The court below, sitting as the trier of fact, believed the victim's version of the events of September 25, 1980. Defendant's arguments in this regard amount to

nothing more than reasons why he believes that his testimony rather than that of the victim should be believed. On appeal, we must consider the evidence produced at trial in the light most favorable to the verdict winner. *Commonwealth v. Speller,* 311 Pa.Superior Ct. 569, 458 A.2d 198 (1983). In this case the verdict winner was the Commonwealth. As noted above the defendant does not argue that the Commonwealth failed to prove any of the specific elements of the offenses of which defendant was convicted. Rather, he argues that the Commonwealth witnesses were biased and not credible. Thus, his argument is really a challenge to the weight of the evidence. We will not grant a new trial on the ground that the verdict is against the weight of the evidence unless the verdict was such that it shocks the court's sense of justice. *Commonwealth v. Kaufman,* 307 Pa.Superior Ct. 63, 452 A.2d 1039 (1982). When we consider the evidence in the light most favorable to the Commonwealth, we see that there was sufficient evidence, if believed, to support the verdict of the court below. The issue boiled down to one of credibility. The court below simply resolved this issue against the defendant.

Judgment of sentence affirmed.