J-A19015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :           PENNSYLVANIA
  :
         v.   :
  :
  :
  :
MYRON PUKOWSKY   :
  :
       Appellant   :   No. 3057 EDA 2018

Appeal from the PCRA Order Entered September 14, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003452-2013

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:         **FILED DECEMBER 06, 2019**

Myron Pukowsky appeals from the portion of the Order of the Court of
Common Pleas of Montgomery County denying his petition filed pursuant to
the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546. We affirm.

L.P. is the daughter of Appellant and Appellant's estranged wife, A.B. In
November of 2007, when L.P. was five years old, she told her adult neighbor
that Appellant had touched her inappropriately. The neighbor relayed this
information to A.B., who then arranged for L.P. to meet with a
psychotherapist, Laura Weissflog. Weissflog conducted a videotaped interview
of L.P. and forwarded a report to the Montgomery County Office of Children
and Youth and to the Royersford Police Department.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, who had been residing in a drug and alcohol rehabilitation center, returned to the area where L.P. and A.B. lived but did not stay at the marital home. He also began attending therapy sessions with a psychologist, Dr. John Gentry. No charges were filed against Appellant on the basis of L.P.'s allegations and Appellant eventually fell out of contact with L.P. and A.B.

Several years later, in March of 2013, an envelope was found among a pile of paperwork that Appellant had left behind in a bedroom in the marital home. The envelope contained handwritten drafts of a letter to L.P. that Appellant had written at the suggestion of Dr. Gentry while he was in therapy. In the letters, Appellant apologized to L.P. and explained that at the time he touched her he had been dealing with drug and alcohol issues.[1]

Following the discovery of the letters, Appellant was charged with various offenses in connection with L.P.'s allegations of abuse. Appellant filed a pre-trial motion to suppress his letters to L.P. on the basis that they were privileged communications with his psychologist. He also filed a pre-trial motion for a competency hearing, alleging L.P. was not competent to testify because her recollections had been tainted by the adults she had initially disclosed the abuse to, including A.B. and Weissflog. Following a hearing, the trial court denied the motion to suppress, found that L.P.'s testimony was not tainted, and that she was competent to testify.

---

[1] There is no evidence that Appellant ever gave any form of the letter to L.P.

A jury subsequently found Appellant guilty of two counts of aggravated indecent assault, two counts of indecent assault of a person less than thirteen years of age and corruption of minors. Appellant retained new counsel for his sentencing and his appeal, James Lyons, Esquire. Following his sentencing hearing, where Appellant was represented by Lyons' associate, Nicholas Reifsnyder, Esquire, Appellant was designated a Sexually Violent Predator ("SVP") and sentenced to an aggregate term of imprisonment of seventeen and one-half to thirty-five years.[2] This Court affirmed Appellant's judgment of sentence, **Commonwealth v. Pukowsky**, 147 A.3d 1229 (Pa. Super. 2016), and Appellant did not seek review from our Supreme Court.

Appellant filed a timely PCRA petition on September 8, 2017. He then filed a supplemental PCRA petition, seeking to have his SVP designation vacated in light of this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), **appeal granted**, 190 A.3d 501 (Pa. 2018). Following a hearing, the PCRA court granted Appellant's PCRA petition only to the extent that it vacated Appellant's SVP designation but denied the remainder of the petition. Appellant now appeals that part of the PCRA court's order denying his petition. "On appeal from the denial of PCRA relief, [this Court's] standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error."

---

[2] Appellant did not file post-sentence motions. His first appeal to this Court was quashed as untimely, but this Court ultimately reinstated Appellant's appellate rights *nunc pro tunc*.

*Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted).

Appellant raises several claims relating to the ineffective assistance of both trial counsel and sentencing/appellate counsel. The law presumes that counsel was effective. *See Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his course of conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different. *See id*.

Appellant first claims trial counsel was ineffective for failing to call an expert witness to testify on the subject of tainting. Specifically, Appellant alleges counsel should have called an expert to testify on "how a minor child can be tainted by repetitive, unprofessional interviews and multiple conversations about the allegations made several years prior to charges being filed." Appellant's Brief at 6. This claim fails.

When an ineffectiveness claim is based upon trial counsel's failure to call an expert witness, the appellant must prove that such an expert witness existed, the witness was available and willing to testify for the defense, counsel knew or should have known of the witness, and he was prejudiced by the absence of the testimony. *See Commonwealth v. Steward*, 775 A.2d 819, 831 (Pa. Super. 2001). To establish prejudice in this context, the

appellant must demonstrate how the uncalled witness would have been helpful to the defense under the circumstances of his case. **See Commonwealth v. Williams**, 141 A.3d 440, 460 (Pa. 2016) (citations omitted).

Here, the PCRA court found that Appellant had completely failed to meet this burden. The court noted that Appellant had not identified any expert witness or provided any other evidence that any expert was available to testify on his behalf, much less what the specific testimony from such an expert witness would have been.

Appellant takes issue with the PCRA court's conclusion, arguing that the "question was not pled as to a specific witness who should have been called" but rather to a "type of witness who would have described to the jury what practices should be used when interviewing a child witness." Appellant's Brief at 19. This argument in no way changes what the above burden of proof requires of Appellant.

Our Supreme Court has been clear that when an appellant "claims that some sort of expert testimony should have been introduced at trial, the [appellant] must articulate what evidence was available and *identify the witness who was willing to offer such evidence*. **Commonwealth v. Williams**, 640 A.2d 1251, 1265 (Pa. 1994)(emphasis added). Appellant has simply not done this here and his general and unsubstantiated proffer that a certain but unnamed "type" of witness would have testified in his defense cannot serve as a replacement for his failure to do so. **See Commonwealth v. Steward**, 775 A.2d at 832 (counsel not ineffective for failing to present expert testimony

when appellant did not identify particular witness or offer proof as to the precise type of testimony he alleged should have been presented).

Appellant also argues that counsel impermissibly relied on cost as the basis for not hiring an expert. During his testimony at the PCRA hearing, trial counsel, who was from the Montgomery County Public Defender's Office, indicated that although he could not recall specifically, budgetary considerations may have factored into any decision on his part not to call an expert. Trial counsel later recalled, however, that he did consider using Dr. Gentry as both an expert and a fact witness but chose not to hire him as an expert for reasons unrelated to cost. Nevertheless, even if finances played a role here, it is of no moment as Appellant failed to identify the expert and testimony he alleges counsel should have presented.

Moreover, as the Commonwealth points out, any expert called by Appellant to testify about the potential tainting of L.P.'s testimony would have had to somehow account for Appellant's letters that actually corroborated the truthfulness of L.P.'s testimony. As such, Appellant has also not shown that he was prejudiced by counsel's failure to present expert testimony. Appellant's first claim therefore offers him no basis for relief.

In his next claim, Appellant challenges trial counsel's decision to call Dr. Gentry as a fact witness even though counsel believed Dr. Gentry sounded "drunk" during pre-trial conversations. Appellant's Brief at 27-28. This claim lacks merit.

In general, where matters of trial strategy are concerned, the courts "do not question whether there were other more logical courses of action which counsel could have pursued; rather [the courts] must examine whether counsel's decisions had any reasonable basis." ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). Counsel's assistance is deemed constitutionally effective if his course of conduct had some reasonable basis designed to effectuate his client's interests. ***See Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citations omitted).

Here, trial counsel testified at the PCRA hearing that he made a strategic decision to call Dr. Gentry to the stand as a fact witness because he wanted him to put Appellant's letters in context. While on the stand, Dr. Gentry testified that he had been the one to suggest to Appellant that he write the letters to L.P. as a therapeutic exercise and as a way to apologize to L.P. Dr. Gentry further testified that he did not believe Appellant had touched L.P. inappropriately. He also testified that, although Appellant wrote the drafts of the letter outside of his presence, Dr. Gentry read and wrote comments on at least one of those drafts.

The PCRA court found that counsel's strategy in this regard had a reasonable basis, and we see no error in this determination. In fact, as the Commonwealth asserts in its brief, counsel's strategy may not have been only reasonable but "arguably necessary, because it was the only potential means

of persuading the jury to disregard [Appellant's] confession." Commonwealth's Brief at 27.[3]

In his last claim regarding trial counsel's ineffectiveness, Appellant argues counsel was ineffective for failing to call the original investigating officer to testify as to why he did not bring charges against Appellant when L.P. initially made the allegations in 2007. This claim also fails.

At the PCRA hearing, trial counsel explained his reasons for not calling the officer:

> …it was obvious to the jury that [the original investigating officer] had failed to file charges in 2007. And second of all, he is a police officer. You are treading dangerously when you start calling officers to the stand to help a defendant.… He is going to skewer you. And it was quite obvious that the reason why charges were filed is because new evidence came to light.

N.T. PCRA Hearing, 2/28/18, at 69.

That new evidence, of course, were the letters Appellant had drafted to L.P. Clearly, as the Commonwealth observes, counsel had a reasonable basis for not wanting to highlight the damaging effect of the discovery of these incriminating letters. We cannot conclude the PCRA court erred in concluding

---

[3] Appellant repeatedly focuses on the fact that trial counsel testified that Dr. Gentry revealed during pre-trial conversations that he did not know the meaning of taint. Accordingly, Appellant contends, counsel should not have used Dr. Gentry as a witness. This argument is completely misplaced given that Dr. Gentry was called as a fact witness.

that trial counsel had a reasonable strategic basis for deciding not to call the original investigating officer to testify.

Appellant also raises several claims that sentencing/appellate counsel, collectively Attorney Lyons and Attorney Reifsnyder, were ineffective.[4] He first argues they were ineffective for failing to file post-sentence motions. This claim warrants no relief.

According to Appellant's statement of questions involved, the post-sentence motions that counsel should have filed included a challenge to the discretionary aspects of his sentence, a motion for judgment of acquittal and a motion challenging the credibility of witnesses. However, in the body of his argument section, Appellant does not develop his claim as it relates to either a motion for judgment of acquittal or one challenging the credibility of witnesses. Consequently, those claims are waived. *See Harkins v. Calument Realty Co*., 614 A.2d 699, 703 (Pa. Super. 1992) (issues raised in a brief's statement of questions involved but not developed in the argument section of the brief are waived). Appellant's remaining claim, that counsel should have filed a post-sentence motion challenging the discretionary aspects of his sentence is developed in his brief but lacks merit.

---

[4] Appellant's argument section under his set of claims regarding sentencing/appellate counsels' ineffectiveness is peppered with various cursory claims of counsels' ineffectiveness that were not presented in his statement of questions involved. Those claims are waived. *See* Pa.R.A.P. 2116(a).

Appellant maintains sentencing/appellate counsel were ineffective for failing to file a post-sentence motion challenging his sentence, which deviated from the sentencing guidelines, as excessive. He claims counsel did not file such a motion despite the fact that it should have been clear to them that Appellant wanted to appeal the length of his sentence. However, as the PCRA court noted below, Attorney Reifsnyder specifically testified that he thought any challenge to Appellant's sentence would not have been successful. Instead, he testified, as did Attorney Lyons, that the approach on appeal was to pursue those issues that were thought to have the best chance of success. This Court has previously deemed such an approach to be a reasonable one. **See Commonwealth v. Pou**, 201 A.3d 735, 740-41 (Pa. Super. 2018) (appellate counsel makes reasonable strategic decision when he winnows out weaker claims in favor of pursuing claims on appeal believed to offer a better chance for relief).

Moreover, the PCRA court also determined that Appellant could not show he was prejudiced by counsels' failure to file a post-sentence motion challenging the discretionary aspects of his sentence because Appellant's sentence was lawful and appropriate. According to the PCRA court, which also presided over Appellant's trial and sentencing, the court was aware of the sentencing guidelines and placed ample reasons on the record for imposing a sentence outside of those guidelines. This is supported by the record. **See** N.T. Sentencing Hearing, 12/5/14, at 46-47 (stating standard and aggravated ranges of relevant sentencing guidelines), 87 (noting consideration of pre-

sentence investigation and sentencing guidelines), 87-91 (listing reasons for length of sentence).

Appellant acknowledges that the trial court recited its reasons for the length of Appellant's sentence on the record, but he complains this was inadequate because the court never stated "I am sentencing you in excess of the aggravated range of the sentencing guidelines and here are the reasons why." Appellant's Brief at 42. Appellant cites to no authority to support his claim that a sentencing court is required to use this or similarly specific language when reciting its reasons for imposing a sentence that lies outside the sentencing guidelines. *See Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (when imposing sentence deviating from the guidelines, court must state adequate reasons for doing so on the record and in the presence of defendant).

In his final claim, Appellant contends sentencing/appellate counsel were ineffective for failing to present one of the claims in his 1925(b)[5] statement with sufficient specificity.

In his 1925(b) statement on direct appeal, Appellant alleged that "the court erred in limiting the testimony of Appellant's treating physician [Dr. Gentry], as both a fact witness and an expert witness." *Pukowsky*, 147 A.3d at 1236. The claim did not point to or otherwise explain what portion of Dr.

---

[5] Pa.R.A.P. 1925(b).

Gentry's testimony that Appellant believed was improperly limited and the trial court therefore found it waived. This Court agreed. **See id.**, at 1237.

We agree with Appellant that counsels' articulation of the issue in Appellant's 1925(b) statement was obviously deficient. Nonetheless, we also agree with the PCRA court that Appellant has failed to demonstrate the prejudice necessary to establish an ineffectiveness claim.

At the PCRA hearing, Attorney Reifsnyder testified that to the best of his recollection the issue that he and Attorney Lyons were trying to articulate was that they wanted the court to allow Dr. Gentry to "make larger statements about the [mindset] of [Appellant] when he was … writing the letters and that the court did not permit this." N.T. PCRA Hearing, 2/28/18, at 22-23. In his brief to this Court, Appellant takes issue with the generality of this explanation but yet, he still does not identify which specific ruling or rulings he believes improperly limited Dr. Gentry's testimony.

The record reflects, however, that the trial court sustained several objections by the Commonwealth over the course of Dr. Gentry's testimony when defense counsel tried to elicit expert testimony from Dr. Gentry. In explaining the propriety of these rulings, the PCRA court stated:

> Trial counsel testified credibly at the PCRA hearing that he made the strategic decision to present Dr. Gentry only as a fact witness. As such, this court did not abuse its discretion in preventing Dr. Gentry from offering expert testimony. This court also did not abuse its discretion in limiting Dr. Gentry's testimony to his role at trial as a fact witness. As such, [Appellant] did not carry his burden of proving

- 12 -

[prejudice and therefore] sentencing/appellate counsel ineffectiveness.

PCRA Court Opinion at 12.

Appellant does not challenge this conclusion by the PCRA court. Rather, Appellant attempts to completely reframe the issue in his brief to this Court, as he did in his post-hearing memorandum of law. He asserts that the argument counsel actually should have made on direct appeal was that the trial court erred by allowing the Commonwealth to question Dr. Gentry as if he were an expert witness when it would not allow Appellant to do the same. As the PCRA court noted, this is not the issue that Appellant presented to the PCRA court during the PCRA hearing. *See Commonwealth v. Mitchell*, 383 A.2d 930, 933 (Pa. 1978) (claim raised in post-hearing brief after post-conviction hearing takes place is waived). In any event, Appellant completely fails to develop his newfound claim and it is waived for that reason as well*. See Commonwealth v. Treiber*, 121 A.3d 435, 465 (Pa. 2015) (claims not developed in meaningful fashion are waived).

Order affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: 12/6/2019

- 13 -