**Commonwealth *v.* Zubik et al., Appellants.**

Argued November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*T. Robert Brennan,* with him *Brennan and Brennan,* for appellants.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., December 14, 1960:

These appeals are from judgments of sentence imposed after verdicts of guilty were returned by a jury on an indictment charging appellants with simple assault and battery upon William Nogach. The case was tried as a cross-action with two cases against Nogach, one charging him with simple assault and battery upon appellant, Virginia Drambel, and the other with aggravated assault and battery upon the other appellant, Charles Zubik. Verdicts of not guilty were returned in the cases against Nogach.

All of the cases resulted from two incidents which occurred on May 25, 1959, when Nogach, a photographer for Television Station KDKA, attempted to photograph the serving of eviction notices upon Zubik by the Police of the City of Pittsburgh. It appears reasonably clear that the incidents occurred on property of Zubik. The first incident is described by Zubik as an unprovoked assault upon him by Nogach, merely because he told Nogach, "Mr. Nogach, I don't want [you] to take any pictures here, that's my property, and I want you not to take any pictures, I want you to leave." The police had not arrived when this is alleged to have occurred. Nogach denied striking Zubik and testified that he was complying with the request to leave and was walking off the property in company with Zubik when the police arrived.

Zubik did not describe the second incident, which occurred about two minutes after the first, but he contended that he was "all in, sick." It was described by appellant Drambel as follows: "Q. Tell us when that occurred? A. Well, whenever the four men came, my dad was up against the car, there, we walked over toward them, we thought they were the ones they sent down, and here, they said, 'Mr. Zubik, we have eviction notices for you.' So, they handed my dad the eviction notices, and Mr. Nogach started to take pictures, and

I told him we didn't want pictures, and I reached up, I told the policeman we wanted the film, and we didn't want pictures on our own property there. So, he must have got scared, I guess he thought I was going to hurt him or something, I mean, so he went and pushed me up against the car and bruised my hand, and then my dad came over to help me and that was the end of that."

Appellants submitted certain points upon which they requested the Court, Hon. J. FRANK GRAFF, specially presiding, to charge the jury. These points were all affirmed but with some qualifying statements. It is only these qualifying statements, which are alleged to be prejudicial and fundamental errors, that are the basis of these appeals. No specific exceptions were taken to the affirmance of the points as qualified.

Appellants argue that they were entitled to have the jury determine whether their actions were not privileged since they were merely evicting a trespasser from their property after he had refused to leave on notice, and that the qualification placed upon the points of law submitted by them withheld this issue from the jury.

The argument is untenable. A reading of the record gives no indication that appellants at any time were trying to eject Nogach from their property by physical means. Throughout the entire record their intention to prevent him from taking pictures and to secure the film from his camera after he had taken pictures is clearly shown. Neither appellant asserted any assault or the use of any force, reasonable or otherwise upon Nogach for any purpose, but on the contrary both testified to the fact that Nogach made unprovoked attacks upon them.

Nevertheless, appellants had the benefit of their points. The court affirmed each of them as basic prin-

ciples of law, clearly telling the jury that a person has the right to eject trespassers upon his property and may use reasonable force in doing so. The points as submitted by appellants did not mention the amount of force permitted. Consequently, the qualifying instructions were necessary under any circumstances. Nor do we think that the effect of those statements was to remove the issue from the jury's consideration if it viewed the evidence differently from the court. In each instance Judge GRAFF said, "[A]s I understand the position of Zubik, he wasn't using any force at all, . . ." but he instructed the jury fully that it was its right to decide the facts and determine who was the aggressor.

As we view the evidence, the appellants received more consideration by the affirmance of their points, even with the qualification of which they complain, than they were entitled. Although the right to defend one's property by the eviction of trespassers upon it exists, there is no duty or obligation upon the court to charge upon such a principle when there is no evidence to support it, or the right is not asserted. Such right constitutes an affirmative defense and, when not relied upon, it constitutes no part of the case. *Lebanon Mutual Insurance Company v. Losch,* 109 Pa. 100; *Hieskell v. Farmers' and Mechanics' National Bank,* 89 Pa. 155.

Further, if appellants felt the qualifications to their points were improper, they had ample opportunity to request correction or more specific instructions. They declined to do so and apparently felt that the correct explanation of the law had been given to the jury. Having been given the opportunity to bring to the attention of the court any defects or inadequacies which they felt were contained in the charge, the parties now have no right to complain. *Marshall v. Erie Taxicab Company,* 340 Pa. 241, 15 A. 2d 925.

Judgments of sentence affirmed, and it is ordered that appellants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their sentences or any part thereof which have not been performed at the time the order of supersedeas was entered.

GUNTHER, J., dissents.