585 A.2d 1069

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles MAYFIELD, Appellant.**

Superior Court of Pennsylvania.

Argued May 31, 1990.

Filed Jan. 30, 1991.

Marilyn J. Gelb, Philadelphia, for appellant.

Hugh Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, WIEAND, OLSZEWSKI, MONTEMURO, BECK, KELLY, POPOVICH, JOHNSON and FORD ELLIOTT, JJ.

FORD ELLIOTT, Judge:

Appellant appeals his conviction by a jury of aggravated assault and possession of instruments of crime generally.

Appellant was acquitted of felonious aggravated assault and criminal conspiracy. Timely post-verdict motions were denied and appellant was sentenced to two and one-half to five years imprisonment on each conviction, sentences to run concurrently.[1]

The incident giving rise to this appeal occurred on November 14, 1983. John Maurer and Ernest Miller were driving their cars in opposite directions on narrow Cambridge Street in Philadelphia, and each found he was unable to pass the other. A dispute arose regarding who should back up and allow the other to pass, especially as Maurer's car had stalled. Appellant, Charles Mayfield, was a passenger in Miller's car, and Maurer and Mayfield exchanged words and a street fight ensued, which resulted in appellant's arrest. Appellant was charged with simple and aggravated assault involving swinging a baseball bat at Maurer, biting him on the chest and inflicting a stab wound on his chest with a knife. Appellant admitted at trial that he bit Maurer on the chest and that he pulled his knife during the course of the fight. However, he denied that he inflicted any stab wound upon Maurer and rather testified that when he produced his knife, Maurer ran away.

The issue as presented by the Commonwealth for this court's review is whether appellant is entitled to an instruction on self-defense when appellant denied committing the act for which he was convicted.

Self-defense is defined by statute as follows:

The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against

1. This case comes before this en banc panel on the grant of the Commonwealth's application for reargument. A panel of this court initially affirmed appellant's judgment of sentence on July 29, 1988, (Wieand and Del Sole, JJ.; Cavanaugh, J., dissenting). Appellant then petitioned for allowance of appeal and on July 19, 1989, the Pennsylvania Supreme Court issued a *per curiam* order directing this Court to determine on the merits whether the trial court should have instructed the jury on self-defense. On remand, the same panel issued a memorandum decision on September 18, 1989, vacating the judgments of sentence and remanding for a new trial finding that appellant was entitled to a self-defense instruction.

the use of unlawful force by such person on the present occasion.

18 Pa.C.S. § 505(a).

The use of deadly force is further limited by § 505(b)(2) which prohibits the use of such force except under circumstances where "the actor believes that such force is necessary to protect himself against death or serious bodily injury." Deadly force is defined as "[f]orce which, under the circumstances in which it is used, is readily capable of causing death or serious bodily injury." 18 Pa.C.S. § 501.

Before the issue of self-defense may be submitted to a jury for consideration, a valid claim of self-defense must be made out as a matter of law, and this determination must be made by the trial judge. Such claim may consist of evidence from whatever source. "Such evidence may be adduced by the defendant as part of his case, or conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination." *Commonwealth v. Rose*, 457 Pa. 380, 389, 321 A.2d 880, 884 (1974) (similarly discussing the type of evidence necessary to place in issue a defense of intoxication). However, such evidence from whatever source must speak to three specific elements for a claim of self-defense to be placed in issue for a jury's consideration.

> Thus, as provided by statute and as interpreted through our case law, to establish the defense of self-defense it must be shown that a) the slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; b) that the slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and c) the slayer did not violate any duty to retreat or to avoid the danger. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Cropper, supra* [463 Pa. 529, 345 A.2d 645] (1975).

*Commonwealth v. Black*, 474 Pa. 47, 52, 376 A.2d 627, 630 (1977). If there is any evidence from whatever source that

will support these three elements then the decision as to whether the claim is a valid one is left to the jury and the jury must be charged properly thereon by the trial court.

Our case law makes it crystal clear that the charge of self-defense must be given upon request where the jury would have a possible basis for finding it. See *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977).

While there is no burden on the defendant to prove a claim of self-defense, it is nevertheless required that before such a defense is properly in issue at trial, there must be some evidence, from whatever source, to justify such a finding. *Commonwealth v. Black, supra,* 474 Pa. at 53, 376 A.2d at 630. See also *Commonwealth v. Walley*, 466 Pa. 363, 367, n. 2, 353 A.2d 396, n. 2 (1976); *Commonwealth v. Cropper*, 463 Pa. 529, 537–538, 345 A.2d 645, 649 (1975).

Thus, if there was evidence which would have supported the claim of self-defense, it was for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge. *Commonwealth v. Gonzales*, 463 Pa. 597, 345 A.2d 691 (1975); *Commonwealth v. Lowe*, 460 Pa. 357, 333 A.2d 765 (1975).

*Commonwealth v. Brown*, 491 Pa. 507, 512, 421 A.2d 660, 662 (1980); *in accord, Commonwealth v. Bailey*, 324 Pa. Super. 236, 471 A.2d 551 (1984) and *Commonwealth v. Maione*, 382 Pa.Super. 47, 554 A.2d 939 (1989). This is so even though the evidence of self-defense may appear to the trial court as not credible, for "it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced ... The fact finder is free to believe all, part, or none of the evidence." *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975).

Having thus defined self-defense and the functions of both the trial court and the jury in assessing the evidence relative to the claim, we now must decide whether a claim of self-defense can be made out as a matter of law suffi-

cient to go to the jury on instruction if the defendant denies committing the injury which represented the use of deadly force.

In support of the contention that appellant is not entitled to a self-defense instruction because he denied stabbing the victim, the Commonwealth cites to our supreme court's decisions in *Commonwealth v. Gay*, 489 Pa. 17, 413 A.2d 675 (1980), *Commonwealth v. Powers*, 484 Pa. 198, 398 A.2d 1013 (1979), *Commonwealth v. Young*, 460 Pa. 598, 334 A.2d 252 (1975) and *Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970).

In *Commonwealth v. Gay, supra*, on appeal from denial of PCHA relief, Gay alleged the ineffectiveness of trial counsel for failing to appeal the trial court's refusal to charge on self-defense following his conviction of first degree murder and aggravated assault and battery. The supreme court in deciding this issue reviewed the Commonwealth's and Gay's version of the shooting which occurred.

According to the Commonwealth's evidence, appellant and one Vaughan Stockton were at a party at the home of his estranged wife, Falivia Gay, on April 24, 1971. An exchange took place in which appellant accused Stockton of being involved with his wife and invited him to leave the party. Appellant, his wife, and Stockton all went outside. Further words were exchanged and then appellant took out a gun that he was carrying, shot and wounded Stockton, and chased his wife down the street. Several shots were heard. Appellant's wife was found dead by the police. Appellant contended that Stockton had the gun, that it went off while he and Stockton were struggling with it, and that Stockton then chased him and his wife.

489 Pa. at 20, 413 A.2d at 677. The court cited *Commonwealth v. Black, supra*, for the proposition that Gay would have been acting in self-defense if, not being at fault in provoking the incident, he had done the shootings under a reasonable belief that his action was necessary to protect himself from death or serious bodily harm. However, the

court then decided "[a]ppellant contended that Stockton was the perpetrator. Since he denied having done the shootings at all, there was no issue of self-defense." 489 Pa. at 21, 413 A.2d at 677 (citation omitted). In essence, the court concluded that there was no showing that appellant used deadly force in the belief that he was defending himself. Rather, at most, Gay's own testimony indicated that the gun discharged accidently during a struggle.

In *Commonwealth v. Powers, supra,* Powers argued on appeal that the trial judge committed reversible error in refusing to grant his request to instruct the jury concerning the law of self-defense. Powers relied on his own testimony as raising an inference that he was acting in self-defense.

> Appellant testified that he and his companions went to the area of the intersection of 32nd and Berks Street (the area where the stabbing occurred) looking for some girls he had recently met, and that while they were asking a young man if he knew the girls, a gang suddenly emerged from a store wielding knives and began chasing them. While appellant testified he was afraid, the only physical contact which he said took place was that someone hit and pushed a 'dude' who was in front of them on 31st Street, and that a 'dude' came off a porch and tried to grab Howard Kemp (co-defendant) but that 'dude' fell back. Appellant flatly denied stabbing anyone and denied that any of his companions had been injured or had stabbed anyone.

484 Pa. at 208, 398 A.2d at 1015.

Again citing *Black, supra,* for the general rule on self-defense, the court stated that:

> Before self-defense is in issue, there must be evidence introduced, from whatever source, to justify a finding that the killing may have been done in self-defense ... Our review of the record convinced us that the requisite elements of self-defense have not been presented.

> As noted, appellant denied knowledge of any stabbing. The only physical contact admitted by appellant was

hitting and pushing one person who was in the way of he and his friends and, inferentially, perhaps jostling another who had come off a porch. Certainly, the testimony did not establish that either of these 'dudes' were provoking the difficulty or were acting in a manner sufficient to instill a reasonable belief that it was necessary to use deadly force against them. In similar cases, we have held that where a defendant steadfastly denies that he or his companions used deadly force against the victim and where the issue of self-defense was not otherwise injected into the trial by either the prosecution or the defense, the failure to charge upon the subject was not error.

484 Pa. at 204, 398 A.2d at 1015 (citations omitted). In essence, the court found that the evidence presented merely established that a fight had occurred and nothing in Powers' testimony or any other evidence indicated that Powers utilized deadly force in defense of himself.

In *Commonwealth v. Young, supra,* Young also argued on direct appeal that it was error for the trial judge to refuse to charge on self-defense in his trial for voluntary manslaughter. In quickly disposing with the issue, the court stated:

Appellant next argues that the trial judge erred in refusing to give appellant's requested charge relating to self-defense. We do not agree. Appellant's confession established that the homicide was committed after an initial encounter with the victim and after which he obtained a gun and sought out the victim to continue the affray. This certainly takes the case out of the rule of self-defense. Moreover, appellant's trial testimony in no way establishes self-defense. Appellant testified at trial that he did not commit the homicide. Under these facts, we find no error in the trial judge's refusal to charge on self-defense. See *Commonwealth v. Camp,* [459] Pa. 569, 330 A.2d 844, [(1975)].

460 Pa. at 601, 334 A.2d at 253. Therefore, even though there was conflicting evidence presented at trial as to whether he committed the act of using deadly force—i.e.,

Young's introduced confession and his own trial testimony, the court still found that the circumstances of the homicide, by definition, precluded a claim of self-defense because he at no time acknowledged the use of deadly force for his own protection.

It is interesting to note that Young also argued an alibi instruction should have been given, however, the court without discussion of the inconsistency between the two requested instructions, summarily determined that Young's own testimony precluded the defense of alibi.

Finally, in *Commonwealth v. Gray, supra,* the defendant argued on appeal from a murder conviction that the trial court should have given a self-defense instruction. Gray had testified that he joined an ongoing fight involving several individuals and that while he admitted punching the victim, he denied steadfastly that he ever possessed a knife or that he stabbed the victim. Noting the three elements which must be satisfied before a defendant can invoke the defense of self-defense, *infra,* the court stated:

> [A]ppellant's testimony as to the victim's death, if believed, would establish that someone else stabbed the victim. The Commonwealth's evidence, if believed, shows a homicide committed by Gray. The issues of self-defense or defense of another were not injected into this case at trial by either the Commonwealth or the appellant. That being so, the failure to charge upon the subject was not error. 421 Pa. at 574, 220 A.2d at 809. An analogous result was reached by the Superior Court as to the privilege to eject trespassers when that right was not relied on by the accused. *Commonwealth v. Zubik,* 194 Pa.Super.Ct. 248, 166 A.2d 666 (1960). There is no reason in this particular situation to distinguish the doctrines of self-defense and defense of another from those of homicide by misadventure and the privilege to eject trespassers when the accused does not avail himself of these defenses. "Where the defense is that the accused did not kill or participate in the homicide, instruc-

tion on self-defense in not necessary." 41 C.J.S. Homicide § 379 n. 16 (1944)[2]

441 Pa. at 96, 271 A.2d at 488–489.

The consistent rationale running through all of these cases is that the defendants denied the use of deadly force in defense of themselves. In so doing, the defendants denied *the act* involved in self-defense, such act being the use of deadly force upon or toward another under defensive circumstances. 18 Pa.C.S. § 505(b)(2). Appellant herein would argue, as a general proposition, that even when a defendant denies the use of deadly force, if there is any evidence from whatever source that a defendant utilized the deadly force then an instruction is required. Although we agree with appellant that a defendant's testimony need not be wholly consistent with that of the Commonwealth's witnesses, and that the defendant need not present his own evidence, but rather may rely solely on the Commonwealth's evidence as presenting a claim of justification, we do not agree that a defendant may negate an element of the defense and still avail himself of a beneficial instruction thereon. While there can be no evidentiary burden on a defendant to prove a claim of self defense; *Commonwealth v. Jacobs,* 501 Pa. 139, 460 A.2d 728 (1983), the defendant also may not provide testimony or evidence inconsistent with such a claim and still avail himself of the defense. Moreover, the Commonwealth is entitled to rely on such inconsistencies to carry its burden to disprove an element of self-defense beyond a reasonable doubt.

 When an issue of self-defense is presented to the jury we ask the jury to assess whether the particular defendant's belief that he was in immediate danger was reasonable. As set out in the Standard Jury Instruction promulgated by the Pennsylvania Bar Institute, 9.505(2)

**2.** The *Gray* court went on to hold that the accused had the burden of proving self-defense by a preponderance of the evidence. However, this part of the holding of the court has since been repudiated. (1974), *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724 (1978). *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974).

(2) The basic rule for self-defense is that a defendant is justified in using force against another person if he reasonably believes he is in immediate danger of unlawful force from that person and reasonably believes it is necessary, then and there, to use the force which he does use to protect himself. ("Unlawful force" includes _____.) (Note that a defendant's right of self-defense depends upon what he reasonably believes. Thus the right of self-defense may be available not only to a person who is in actual danger of unlawful attack but also to one who mistakenly believes that he is. A defendant is entitled to estimate the necessity for the force he employs under the circumstances as he reasonably believes them to be at the time. In the heat of conflict, a person who has been attacked ordinarily has neither time nor composure to evaluate carefully the danger and make nice judgments about exactly how much force is needed to protect himself. Be realistic; consider the limitations of human nature when judging what the defendant believed and whether his beliefs were reasonable.)

Therefore, the jury is permitted to consider those characteristics of the defendant which would lead to a conclusion, not that the defendant was in fact in danger, but rather that he reasonably believed himself to be in danger. Such factors, as the physical stature of the defendant versus the victim, or the prior relationship between the defendant and the victim, or the defendant's state of mind at the time of the incident can all figure into the jury's assessment of reasonableness. *Commonwealth v. Stonehouse*, 521 Pa. 41, 555 A.2d 772 (1989); *Commonwealth v. Watson*, 494 Pa. 467, 431 A.2d 949 (1981). Moreover, in the event that a defendant denies the use of deadly force at all, we may hardly ask the jury to determine if the defendant reasonably believed such force was necessary. By denying such use of deadly force a defendant, in essence, negates one of the elements of self-defense—that being he must have believed himself reasonably to be in imminent danger of death or bodily harm, and that the use of deadly force upon

or toward another person was necessary to prevent such harm.

It is the specific denial of the use of deadly force for one's own protection which precludes the claim of self-defense being put in issue. To hold otherwise, has the possibility for absurd results. For instance, a defendant could request that the jury consider self-defense while at the same time claiming a defense of mistaken identity or alibi. Even in closer cases, such as those in which the facts present a case for an accidental shooting, a request for an instruction on self-defense has been denied as being inconsistent unless the circumstances of the case allow that the accidental injury or death occurred within the course of the actor defending himself. This question was addressed by our supreme court in *Commonwealth v. Webster*, wherein a defendant's testimony raised an inference of accidental killing, and therefore the defendant was not entitled to a charge on self-defense.

> The Commonwealth's witnesses testified that appellant pointed the gun at the victim. Only appellant claimed the victim pointed the gun at him. He testified that as he struggled to wrestle the pistol free, it discharged. At best appellant's explanation suggests that the killing may have been accidental.. However, it also destroys the second element of self-defense; that appellant reasonably believed that he was in imminent danger of death or great bodily harm. When appellant was specifically asked upon cross-examination if he had been acting in self-defense, appellant conceded that he had not. At no time was there any testimony that appellant intentionally fired the gun in an attempt to defend himself.

*Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491, 493 (1980). This court has held similarly in *Commonwealth v. Terrell*, 276 Pa.Super. 136, 140, 419 A.2d 133, 134 (1980):

> Moreover, appellant's evidence did not show that he had acted in self-defense. Some of his testimony indicated that the killing was accidental. Some of his testimony indicated that he had intentionally shot the victim. This testimony showed that he was in control of the gun, and

therefore, not acting to protect himself from danger. Thus there was no evidence that appellant acted in self defense.

*See also, Commonwealth v. Young, supra* and *Commonwealth v. Maione, supra,* (Concurring Opinion by Del Sole, J.).

In charging a jury, "it is the primary duty of the trial judge to clarify issues so that the jury may understand the questions to be resolved." *Commonwealth v. Beach,* 438 Pa. 37, 40, 264 A.2d 712, 714 (1970) citing *Commonwealth v. Meas,* 415 Pa. 41, 202 A.2d 74 (1964). Instructions which mislead or confuse a jury by making improper or inaccurate comment on the evidence in a case may effect a greater error than the giving of no instruction at all. "As a general rule the trial court should instruct the jury on the law applicable to the facts of the case before it and should charge only on those points and issues which arise out of the evidence and arguments presented." *Commonwealth v. Schaller,* 493 Pa. 426, 431, 426 A.2d 1090, 1093 (1981) citing *Commonwealth v. Tervalon,* 463 Pa. 581, 345 A.2d 671 (1975).

We hold today, that where a defendant denies the act of using deadly force in defense of himself, he has negated one of the elements of self-defense; therefore, he may not avail himself of an instruction on justification even though evidence from other sources would be sufficient to put the claim in issue.

■ However, having stated thus, it is not so clear to this court that the appellant herein, has denied the use of deadly force as we have defined it. Hence, a review of the evidence presented by the Commonwealth and appellant is required for a determination as to whether there is any evidence, from whatever source, which would make out a claim for self-defense.

The Commonwealth's evidence substantially presents the following:

The trial evidence established that on November 14, 1983, at about 11:45 a.m., the victim, John Maurer, drove

his car east in the 1200 block of Cambridge Street, a narrow street with one driving lane and one parking lane. At the opposite end of Cambridge Street, another car entered and headed west toward the victim's vehicle. The driver of the second car, Ernest Miller, and defendant, a passenger, stopped to speak to someone while the victim waited to proceed in his car. Although Miller could have driven around the victim's car to pass, he instead drove his vehicle up to the victim's and stopped one foot away. Miller then repeatedly hit the bumper of the victim's car with his own. The victim shifted into reverse and made several attempts to back up his car to avoid the confrontation, but the vehicle stalled each time. Frustrated, the victim got out of his car, approached Miller in the driver's seat, and explained that he was unable to move his car. Miller began cursing at the victim, and a verbal altercation ensued (N.T. 7/2/84, 11–16).

At that point, defendant, whom the victim had not noticed, jumped from the passenger side of Miller's car, carrying a baseball bat, and approached the victim. When the victim turned to meet defendant's attack, Miller left the driver's seat and grabbed the victim from behind, immobilizing his arms. Defendant swung the bat twice, but the victim had broken free from Miller's grasp and successfully blocked the blows. Both defendant and the victim then fell to the ground fighting. A co-worker of the victim's who witnessed the assault by defendant and his cohort, intervened to restrain Miller. Defendant, who was lying on top of the victim, bit the victim on the chest; the victim then hit defendant twice. Both men rose to their feet. Defendant pulled out a ten-inch hunting knife and lunged at the victim, stabbing him in the left chest area. The victim had no weapons (N.T. 7/2/84, 15–18, 22, 75–81111, 101).

Commonwealth's brief at 2–3.

Appellant's version of the events on the night in question, not surprisingly, differs substantially.

Charles Mayfield testified on his own behalf in this trial, denying that he was the aggressor. He said Maurer told him and the driver to back up an entire block, and at the same time he began hollering obscenities at them. *Id.* 136. These obscenities caused him and Miller to holler also. *Id.* He testified Maurer then got out of his car and pulled him out of the car in which he had been the passenger. Mr. Mayfield continued his account by testifying Maurer choked him and got him in a bear hug. *Id.* 138–139. Maurer's much larger size resulted in Mr. Mayfield standing at this time in such a position that his face came only to Maurer's chest, *Id.* 138–139, Maurer being 6 feet, 2 inches and 180 pounds. *Id.* 32.

They fell to the ground with Mr. Mayfield on top of Maurer and Maurer still holding him around the neck. It was at this juncture that Mr. Mayfield said the only way he could cause Maurer to release him was to bite him on the chest. *Id.* 140–141. (Mr. Mayfield testified further that the reason he bit Maurer was because Maurer was choking him to death.)

On cross-examination, Mayfield admitted causing the bite, but denied stabbing Maurer. *Id.* 151. He said Maurer told him he had enough when he saw the knife, and this caused him (Maurer) to run away. *Id.* He tried to free himself from Maurer's grip but was unable to do so until he pulled out his knife. *Id.* 156–157. Mayfield's testimony was the only defense evidence introduced.

Appellant's brief at iii–v. Additionally, as noted by appellant, defense counsel's entire closing argument centered on a theory of self-defense.

Within this factual context, appellant was charged with two counts of aggravated assault, specifically, felony of the second degree, and aggravated assault as a misdemeanor first degree.[3] Appellant was convicted of the less serious charge under 18 Pa.C.S. § 2702(a)(4) which reads "attempts

3. Subsequent to appellant's conviction, the section under which appellant was convicted was upgraded to felony second degree. 18 Pa.C.S. § 2702(b) (effective February 9, 1987).

to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." In defining the charge to the jury, the trial court instructed as follows:

> Now, aggravated assault may also be a misdemeanor of the first degree, which is a less serious form of aggravated assault. Now there are 2 elements to the crime of aggravated assault as a misdemeanor of the second degree—misdemeanor of the first degree.
>
> First, that the defendant *attempted* to cause bodily injury to John Maurer. Now, you notice, felony, serious bodily injury, misdemeanor is bodily injury which I have already defined for you.
>
> Now, in order to find that the defendant attempted to do this, you must find that the *defendant engaged in conduct which constituted a substantial step toward causing bodily injury to John Maurer and that his conduct in this regard was intentional or in other words that it was his conscious object to cause such injury.*
>
> 2. *That the defendant used a deadly weapon in the attempt* which I have already defined for you. If after considering all the evidence you find that the Commonwealth has established beyond a reasonable doubt all of the elements which I have stated, you should find the defendant guilty of aggravated assault as a misdemeanor, otherwise you must find the defendant not guilty of aggravated assault.
>
> Now, let me just summarize that. Aggravated assault as a felony of the second degree constitutes an attempt to commit serious bodily injury. Aggravated assault which constitutes a misdemeanor of the first degree is an attempt to cause bodily injury or bodily injury, that's the distinction. (N.T. 75 and 76 on charge)

Notes of Testimony, N.T., 7/3/84 at 75–76. Hence the conduct of appellant which the jury was charged to consider was whether appellant attempted to cause bodily injury to the victim with a deadly weapon. The jury was told that if they found that appellant pulled a knife intending to cause

bodily injury to the victim, they could convict appellant of aggravated assault. However, what the jury was not told was if they found that appellant pulled his knife in the reasonable belief that he was defending himself then his actions were justified.

The Commonwealth argues that without an admission by appellant that he stabbed the victim, no self-defense claim has been made. While as noted in our earlier discussion, a denial of the use of deadly force would preclude appellant from asserting his self-defense claim, we do not find that appellant has denied the use of deadly force, but merely has denied causing the injury to Maurer once he pulled his knife. Under the Commonwealth's theory, even if appellant had testified that in defense of himself he lunged at Maurer with the full intent to cause injury but did not know that he in fact hit his mark, he still would not be entitled to a charge on self-defense because he did not admit the actual injury. However, such an argument ignores that it was not the injury to the victim that the jury was instructed to focus on, but rather the actions or conduct of appellant which led to the injury,—that is his use of deadly force. We find appellant's testimony that he pulled the knife in preparation to use it against the victim in defense of himself to be a sufficient showing of a use of deadly force to at least put the question of self-defense before the jury. *See Commonwealth v. Jones*, 231 Pa.Super. 300, 332 A.2d 464 (1974) (mere wielding of a knife amounts to use of deadly force) cited with approval in *Commonwealth v. Cutts*, 281 Pa.Super. 110, 421 A.2d 1172 (1980).[4]

In *Commonwealth v. Gonzales*, 334 Pa.Super. 603, 483 A.2d 902 (1984), this court determined that the mere act of pointing a gun at an individual while denying any attempt to shoot the revolver, was sufficient conduct to constitute an assault; therefore, the defendant should have been permitted to raise the issue of self-defense. Implicit in this

**4.** We note that these cases may very well work to the disadvantage of appellant on the merits of his self-defense claim in that they hold that such deadly force is not justified and may be excessive in response to such non-deadly force as a victim's fist.

holding is that the mere pointing of the revolver constituted an act of using deadly force. *In accord, Commonwealth v. Rittle*, 285 Pa.Super. 522, 428 A.2d 168, (1981) (defendant entitled to self-defense charge where he admitted pointing gun at victim but alleged that victim was the aggressor. Conviction for simple assault reversed and new trial granted.)

In *Gonzales*, the Commonwealth again citing *Powers* and *Gray*, had argued the trial court properly refused to charge on self-defense because the defendant denied that he attempted to fire the pointed weapon at police officers.[5] In distinguishing these cases, the *Gonzales* court stated:

In both cases, the victims were stabbed to death. In each case, the defendants were charged with homicide, however they both denied knowledge of any stabbing. On that basis, it was held that self-defense was not an issue and instructions on self-defense were not required. The *Powers* court stated: "In similar cases, we have held that where a defendant steadfastly denies that he or his companions used deadly force against the victim, and where the issue of self-defense was not otherwise injected into the trial by either the prosecution or the defense, the failure to charge upon the subject was not error." *Commonwealth v. Powers*, 484 [Pa.] at 204, 398 A.2d at 1016.

First, we note that in *Powers* and in *Gray, supra,* the defendants were trying to raise inconsistent defenses. In those cases, the defendants maintained that they did not participate in the stabbing, yet they requested a charge on self-defense. The Appellant in this case differs because he does admit that he held a gun pointed at the officers.

334 Pa.Super. at 607, 483 A.2d at 904.

Therefore, consistent with *Gonzales*, we find that appellant's admission that he pulled his knife because Maurer "said he was going to kill me," (N.T., 7/2/84 at 141) is a

---

**5.** It is unclear from the *Gonzales* decision under what specific subsection of 18 Pa.C.S. § 2702 the defendant was charged, however such is not crucial to our discussion herein.

sufficient showing that he used deadly force in defense of himself to at least allow for an instruction on self-defense. Appellant at no time denied that he produced the deadly weapon with intent to use it in his own defense.

It remains the province of the jury as to whether appellant was free of provocation, as to whether he had a duty to retreat, as to whether his belief that he was in danger of serious bodily harm or death was reasonable, and as to whether his use of deadly force was excessive under the circumstances.

We emphasize that our decision today is consistent with the supreme court's decisions in *Gay, Powers, Young* and *Gray* and this court's decisions in *Rittle, Gonzales* and *Terrell.* Because appellant did not receive the jury instruction to which he was entitled based on the evidence at trial, the judgment of sentence must be vacated and the case remanded for a new trial.

Judgment of Sentence vacated. Case remanded for a new trial.

WIEAND, J., files a concurring statement in which ROWLEY, J., joins.

WIEAND, Judge, concurring:

I concur in the result. I would hold that a self-defense charge must be given upon request whenever there is evidence, from whatever source, to justify such a finding. *Commonwealth v. Brown,* 491 Pa. 507, 421 A.2d 660 (1980). In the instant case, there was evidence which, if believed, would have justified a finding that appellant acted in self-defense. Therefore, it was error to refuse a requested instruction on self-defense and thereby prevent the jury from considering such defense. I agree with the majority that appellant must be granted a new trial.

ROWLEY, P.J., joins.