J-S47010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JORGE VELEZ | |
| Appellant | No. 695 EDA 2013 |

Appeal from the PCRA Order March 1, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0400011-2005

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 26, 2014**

Appellant, Jorge Velez, appeals from the March 1, 2013 order denying his first counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.[1]  After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  In October 2004, Appellant was involved in "an attempt to abduct Johnny Gonzalez, a rival drug kingpin, from a barbershop." *Commonwealth v. Velez*, 961 A.2d 1285 (Pa. Super. 2008) (unpublished memorandum at 1), *appeal denied*, 972 A.2d 522 (Pa. 2009).  Gonzalez resisted this attempt and gunfire ensued. *Id.*  Appellant and two of his cohorts, brothers Jose and Juan Alicia, were all shot. *Id.*  Jose Alicia was

_____

[1] The Commonwealth has not filed an appellate brief.

fatally wounded. *Id.* Two teenagers, who were inside of the barbershop at the time that the shooting commenced, were also injured. *Id.*

> At trial, the surviving brother[, Juan Alicia,] testified for the Commonwealth, incriminating Appellant. One of the teenagers identified Appellant as the ringleader [of the abduction attempt]. Appellant testified he only shot in self-defense. A bystander testified she heard Appellant proclaim[,] "I'm innocent" before collapsing on the street. Gonzale[z], wanted on unrelated charges, failed to appear at trial.

*Id.* at 1-2.

Following a four-day jury trial, Appellant was convicted of three counts of aggravated assault and one count each of second-degree murder, robbery, attempted kidnapping, criminal conspiracy, and possessing an instrument of crime.[2] On December 7, 2006, the trial court imposed on Appellant a mandatory sentence of life imprisonment.[3] *See* 18 Pa.C.S.A. § 1102(b) (stating, "a person who has been convicted of murder of the second degree… shall be sentenced to a term of life imprisonment[]").

Appellant filed a timely notice of appeal on January 3, 2007. On August 20, 2008, we affirmed the underlying judgment of sentence. *See* *Velez*, *supra*. On September 18, 2008, Appellant filed a petition for

---

[2] 18 Pa.C.S.A. §§ 2702, 2502(b), 3701, 901 (to commit 2901), 903, and 907, respectively.

[3] The trial court ran the remainder of Appellant's sentences concurrent with the mandatory sentence of life imprisonment.

allowance of appeal with our Supreme Court, which was denied on May 28, 2009. *See Commonwealth v. Velez*, 972 A.2d 522 (Pa. 2009) (*per curiam*).

Appellant filed the instant PCRA petition on October 22, 2009. Court-appointed counsel filed an amended PCRA petition on July 1, 2011. On April 30, 2012, the PCRA court held an evidentiary hearing, at which time Appellant's trial counsel, Attorney Earl Gerald Kauffman, testified. *See* N.T., 4/30/12. On March 1, 2013, the PCRA court dismissed Appellant's petition. On March 4, 2013, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant presents the following issue for our review.

> [1.] Is [A]ppellant entitled to post-conviction relief in the form of a new trial as a result of the ineffectiveness of trial counsel for failing to request the trial court to instruct the jury as to self-defense?

Appellant's Brief at 4.

We begin by noting our well-settled standard and scope of review. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to

---

[4] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). As the PCRA court has the opportunity to "personally observe[] the demeanor of the witnesses" during a PCRA hearing, "we expect the [PCRA] court to make [any] necessary credibility determinations." **Commonwealth v. Spotz**, 84 A.3d 294, 319 (Pa. Super. 2014) (citation and quotation marks omitted). Accordingly, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted) (**Spotz I**). Yet, when the PCRA court's legal conclusions are at issue, we apply a *de novo* standard of review. **Id.**

In order to be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence arose from one or more of the errors listed within Section 9543(a)(2). Included among these errors is a claim that the petitioner's conviction or sentence arose from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Id.** § 9543(a)(2)(ii). Further, to raise a meritorious PCRA claim, the issue must be neither previously litigated nor waived. **Id.** § 9543(a)(3).

Herein, Appellant alleges that he received ineffective assistance of counsel during his underlying jury trial. Appellant's Brief at 4. When reviewing a claim of ineffective assistance of counsel we apply the following test, first articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987) (adopting the ineffectiveness standard set forth in **Strickland v. Washington**, 466 U.S. 668 (1984)).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

**Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). It is well settled that "[f]ailure to establish any prong of [**Pierce**'s three-prong] test will defeat an ineffectiveness claim." **Commonwealth v. Birdsong**, 24 A.3d 319, 330 (Pa. 2011).

Pursuant to the first prong of the **Pierce** test, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted), *appeal denied*, ---A.3d---, 2014 Pa. LEXIS 1428 (Pa. 2014). Whether the factual allegations raised by

- 5 -

a petitioner amount to arguable merit is a legal conclusion subject to *de novo* review. ***Id.***; ***see also Spotz I***, *supra*.

"With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (citation and internal quotation marks omitted). "[W]e only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option." ***Commonwealth v. Philitin***, 53 A.3d 1, 10 (Pa. 2012) (citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." ***Commonwealth v. Carson***, 913 A.2d 220, 226-227 (Pa. 2006), *cert. denied*, ***Carson v. Pennsylvania***, 552 U.S. 954 (2007), *citing* ***Strickland***, *supra* at 689.

Lastly, "to demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Michaud***, *supra* (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Stewart***, *supra* (citation and quotation marks omitted). Our Supreme Court has stressed, "[i]f it is clear that [the petitioner] has not

- 6 -

demonstrated that counsel's act or omission adversely affected the outcome of the proceedings [pursuant to the third prong of the *Pierce* test], the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs [of the test] have been met." ***Commonwealth v. Rios***, 920 A.2d 790, 799 (Pa. 2007); ***accord Commonwealth v. Luster***, 71 A.3d 1029, 1039-1040 (Pa. Super. 2013) (*en banc*) (internal quotation marks omitted), *appeal denied*, 71 A.3d 1029 (Pa. 2013).

Instantly, Appellant claims that trial counsel rendered him ineffective assistance by failing to request the trial court to instruct the jury on self-defense. Appellant's Brief at 15. Specifically, Appellant argues as follows.

> At trial, the Commonwealth's case was premised on the theory that [A]ppellant was part of a group that entered the barbershop in an attempt to rob and/or kidnap [] Gonzalez. [A]ppellant presented witnesses at trial in an attempt to prove that he was not involved in the attempt to rob/kidnap Gonzalez, but just happened to be in the barbershop at the time of the incident.
>
> [A]ppellant testified at trial that, after being shot, he fired his weapon in self-defense because he was frightened. One of his bullets struck [one of the teenagers]. During trial counsel's summation[,] [trial counsel also] noted that [A]ppellant claimed that he fired his weapon in self-defense after being shot.

*Id.* Accordingly, Appellant asserts that his self-defense was at issue in the case and trial counsel's failure to request a self-defense jury instruction amounted to ineffective assistance of counsel. *Id.*

- 7 -

It is well-settled that "the trial court should instruct the jury on the law applicable to the facts of the case before it and should charge only on those points and issues which arise out of the evidence and arguments presented." *Commonwealth v. Mayfield*, 585 A.2d 1069, 1075 (citations omitted) (Pa. Super. 1991) (*en banc*). Yet, "[a] faulty jury charge will require the grant of a new trial only where the charge permitted a finding of guilt without requiring the Commonwealth to establish the critical elements of the crimes charged beyond a reasonable doubt." *Commonwealth v. Hansley*, 24 A.3d 410, 420 (Pa. Super. 2011), *appeal denied*, 32 A.2d 1275 (Pa. 2011), *quoting Commonwealth v. Wayne*, 720 A.2d 456, 465 (Pa. 1998), *cert. denied*, 528 U.S. 834 (1999).

The theory of self-defense is codified in Section 505 of the Crimes Code, 18 Pa.C.S.A. §§ 101-9402, as follows. "The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). However, Section 505 limits the use of "deadly force" in self-protection. *Id.* at § 505(b). Deadly force is defined as "[f]orce which, under the circumstances in which it is used, is readily capable of causing death or serious bodily injury." *Id.* at § 501. Specifically, the use of deadly force is not justifiable under Section 505 if "the actor, with the intent of

causing death or serious bodily injury, provoked the use of force against himself in the same encounter[.]" *Id.* at § 505(b)(2)(i).

Before the trial court instructs a jury on self-defense, the trial judge must initially determine if the defendant has established a valid claim for the defense as a matter of law. *Mayfield*, *supra* at 1070. The following three elements comprise a valid claim of self-defense.

> [(1) T]he slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; [(2) T]he slayer … reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and [(3) T]he slayer did not violate any duty to retreat or to avoid the danger.

*Id.* at 1071, *quoting* **Commonwealth v. Black**, 376 A.2d 627, 630 (Pa. 1977) (citations omitted); *see also* 18 Pa.C.S.A. § 505(b). "If there is evidence from whatever source that will support these three elements[,] then[,] the decision as to whether the claim is a valid one is left to the jury and the jury must be charged properly thereon by the trial court." *Mayfield*, *supra*; *accord Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001).

Herein, the PCRA court concluded that Appellant's asserted ineffectiveness claim did not merit post collateral relief. PCRA Court Opinion, 3/6/14, at 4-6. Specifically, the PCRA court concluded that a self-defense charge was not warranted because Appellant's own testimony "overwhelmingly demonstrated that he was not free from fault in provoking

the gunfire that occurred[]" as "he was present when the kidnapping/murder plan was hatched, entered the barbershop with the co-conspirators, was armed with a gun, fired the gun[,] and had a mask[ following the incident]." *Id.* at 5. The PCRA court also reasoned that such a charge was not warranted because "[Appellant] steadfastly testified that he shot towards a wall[]" and did not present any evidence "which would have raised any inference that [he] shot his gun because he reasonably believed his life to be in danger[.]" *Id.* at 5-6. Moreover, the PCRA court concluded trial counsel credibly testified that he had a reasonable basis for his actions. *Id.* at 4-5. Specifically, Attorney Kauffman testified that he elected not to seek an instruction on self-defense because Appellant's own testimony rendered the request frivolous. *Id.* at 5; N.T., 4/30/12, at 18. Therefore, the PCRA court dismissed Appellant's petition. PCRA Court Opinion, 3/6/14, at 6.

Upon review of Appellant's claim, we conclude the PCRA court did not err in denying Appellant post collateral relief because trial counsel had a reasonable basis for his actions. During the underlying PCRA hearing, trial counsel testified that he initially intended to request a self-defense instruction because he believed Appellant to be an innocent bystander. N.T., 4/30/12, at 8, 13-17. Specifically, Appellant relayed to trial counsel that he did not know the Alicia brothers, that he entered the barbershop after the incident began, and that he was forced to the back of the shop by the brothers. *Id.* at 8, 11-12, 18-19. However, Appellant admitted to counsel,

a few days prior to trial, that he knew Juan Alicia and spent time with his family. *Id.* at 9-10; N.T., 6/5/06, at 105-106. During trial, Appellant testified that he was with Juan Alicia the night before the attempted kidnapping, hearing him discuss with others that "[t]hey needed to grab some boy." N.T., 6/5/06, at 108-110. Appellant further testified that: (1) he was looking for Juan Alicia immediately prior to the incident; (2) he arrived at the barbershop seconds before the men with masks entered; (3) he proceeded to the back of the shop, where Gonzalez happened to be seated, upon entering it; and (4) he shot his gun towards the wall once the brawl began. *Id.* at 122- 125. Following Appellant's testimony, trial counsel made the strategic decision to not request the self-defense instruction as the testimony established his involvement in the altercation. N.T., 4/30/12, at 22, 34. As trial counsel had a reasonable basis for his actions, the second prong of *Pierce*'s ineffectiveness test cannot be met. *See Chmiel*, *supra*. Accordingly, Appellant's instant ineffectiveness claim lacks merit, and the PCRA court did not err in denying Appellant PCRA relief. *See Birdsong*, *supra*.

Based upon the foregoing, we conclude Appellant's issue is devoid of merit. Therefore, we affirm the PCRA court's March 1, 2013 order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2014