J-S39010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE SCHWENK | : | |
| | : | |
| Appellant | : | No. 852 MDA 2022 |

Appeal from the PCRA Order Entered May 4, 2022
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000656-2014

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: FEBRUARY 7, 2023**

Christopher Lee Schwenk appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9545. Schwenk argues that his trial counsel was ineffective for allowing him to waive his ability to raise an ineffectiveness claim during trial and for presenting alternative inconsistent defenses at trial. We affirm.

This Court previously summarized the evidence supporting Schwenk's conviction for third-degree murder:

> In the early morning hours of November 6, 2013, Ashley Rodriguez got into an altercation with Eddie Gallon. Schwenk, a [] paramour of Rodriguez, came to her aid. Gallon left the scene but returned shortly thereafter and threw a rock through one of Rodriguez's mother's windows. Schwenk obtained Rodriguez's 9mm Smith and Wesson semi-automatic handgun, chased Gallon for a brief distance and fired seven shots at him. All the bullets

missed the intended target, but one of them struck the victim, Monique Nixon, who died from the gunshot wound.

When the police arrived at the scene of the crime, Roque Castro informed them he witnessed a black male attempting to pick up shell casings before running into a nearby apartment. He also informed the police he heard an argument and glass breaking at that apartment prior to hearing gunshots.

The police recovered several 9mm shell casings from the crime scene. Detective First Class Jeffrey Spence was the detective supervisor for the crime and sought to enter the apartment indicated by Castro. Rodriquez answered the door and refused warrantless entry to the police. After 10 to 20 minutes passed, Detective Spence believed the situation had become unsafe. He [entered] the apartment without a warrant. Inside, Schwenk was found, naked on the bed. A 9mm Smith & Wesson semi-automatic weapon was also located near the bed. Subsequent forensic analysis determined the fatal bullet and the shell casings found at the crime scene were all fired by the handgun found in the Rodriguez apartment. Forensic analysis also determined Ashley Rodriguez's DNA was on the handgun, but Schwenk's DNA was not. However, Schwenk had gunshot residue on his hands, while Rodriguez did not.

Although all inhabitants of the apartment were taken into custody for questioning, only Schwenk was ultimately arrested. While in custody and awaiting trial, a jailhouse informant told the authorities Schwenk had admitted to the shooting, claimed to have had sex with Rodriguez after the shooting, and that Rodriguez had taken the handgun, wiped it off and hidden it in the bedroom, where it was ultimately found.

*Commonwealth v. Schwenk*, 1912 MDA 2017 (Pa. Super. filed Aug. 6, 2019) (unpublished memorandum at 1-3) (footnote omitted).

The police arrested Schwenk, and the Commonwealth charged Schwenk with first-degree murder, third-degree murder, and voluntary manslaughter. The case proceeded to a jury trial. During the trial, Schwenk's trial counsel presented two alternative defenses – (1) Schwenk was not the shooter and

(2) if Schwenk was the shooter, he acted in self-defense. In reaction to counsel's strategy, the trial court addressed the issue with Schwenk and questioned whether he wanted to proceed with both defenses. The trial court further asked Schwenk to waive any ineffective assistance claim regarding counsel's chosen strategy. Schwenk indicated that he respected counsel's decision and that he wanted counsel to proceed. Following trial, the jury found Schwenk guilty of third-degree murder. Thereafter, the trial court sentenced Schwenk to 20 to 40 years in prison. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. *See Schwenk*, 1912 MDA 2017; *appeal denied*, 236 A.3d 1054 (Pa. 2020).

Schwenk filed a timely *pro se* PCRA petition. The PCRA court appointed Schwenk counsel, who filed an amended petition, raising two claims of ineffective assistance of trial counsel. Specifically, Schwenk argued trial counsel was ineffective for allowing him to waive his right to bring an ineffectiveness claim regarding counsel's strategy to present alternative defenses at trial and for raising alternative inconsistent defenses. After holding a hearing, the PCRA court denied the petition, finding Schwenk waived his right to bring an ineffectiveness claim through his statements at trial accepting counsel's strategy, and counsel was not ineffective for raising alternative defenses. Schwenk timely appealed.

On appeal, Schwenk raises the following questions for our review:

1. Trial counsel was ineffective for advising [Schwenk] to waive ineffective assistance of counsel claims when counsel pursued

- 3 -

two mutually inconsistent defenses at trial. [Schwenk's] waiver of the claim was not knowingly, voluntarily, and intelligently made.

2. Trial counsel was ineffective for raising two mutually inconsistent defenses contrary to established case law, one a defense of mistaken identity, and the other, self-defense.

Appellant's Brief at 4 (issues reordered for ease of disposition).

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

Further, to succeed on an ineffectiveness claim, Schwenk must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on Schwenk to prove otherwise. **See Commonwealth v. Hanible**, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See Commonwealth v. Montalvo**, 244 A.3d 359, 368 (Pa. 2021).

In his first claim, Schwenk contends trial counsel was ineffective for advising him to waive his ability to raise an ineffectiveness claim regarding counsel's strategy to raise alternative inconsistent defenses at trial. *See* Appellant's Brief at 16. Schwenk argues that his waiver of the ineffective assistance of counsel claim during the trial was not knowingly or voluntarily made. *See id.* Schwenk notes that neither counsel nor the judge explained the consequences of waiving his right to raise an ineffectiveness claim as to counsel's presentation of the defense, and there is no way to establish he understood the significance of his action. *See id.* at 18-19. Schwenk highlights that counsel cannot raise her own ineffectiveness, and, as an extension, argues that counsel cannot advise her client to waive any such claims for specific issues raised at trial. *See id.* at 16-17. According to Schwenk, he was effectively without counsel for the critical stage of trial because he had to waive his ineffectiveness claim before permitting trial counsel to proceed with the alternative defenses. *See id.* at 17-18. Schwenk concludes that he is entitled to a new trial. *See id.* at 19.

It is well-settled that for a waiver to be voluntary, it "must be the free and unconstrained choice of its maker." *Commonwealth v. Baker*, 72 A.3d 652, 667 (Pa. Super. 2013) (citation and quotation marks omitted). "[A]n on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise[.]" *Commonwealth v. Isaac*, 205 A.3d 358, 366 (Pa. Super. 2019) (citation omitted); *see also*

*Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008) ("A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional 'right.'"). "Consequently, a defendant must participate in an on-the-record colloquy, which ensures the defendant is aware of the rights being waived, *i.e.*, the 'essential ingredients' of PCRA review." *Baker*, 72 A.3d at 668. "The trial court must also ensure the defendant has made the decision to waive his right to PCRA review after consulting with counsel (if any) and in consideration of his rights as they have been explained in the colloquy." *Id.* For there to be an express waiver of a right, the trial court must ensure that "the decision to waive the right is informed and voluntary." *Id.*

Here, after counsel revealed her strategy to raise alternative and inconsistent defenses, the trial court questioned Schwenk as follows:

> THE COURT: Sir, you understand your attorney's arguing in the alternative in this case. She's arguing that, A, you didn't do the shooting, or if the Jury believes that you did the shooting, that you did it in self-defense? You understand that those two are mutually exclusive; either you did the shooting or you didn't, and you run the risk of perhaps the Jury thinking [she's] throwing anything out there as a defense that's possible? So[,] I want you to waive any ineffective assistance claim and agree to the introduction of contrary defenses. Okay. The issue came up yesterday. Your attorney said she's arguing in the alternative, and as I said yesterday, I've never heard in a criminal case someone arguing in the alternative, especially, "acted in self-defense," or "I didn't do the shooting, but if you believe I did the shooting, I did it in self-defense." You understand that?
>
> [Schwenk]: Right.
>
> THE COURT: And is that what you wish her to do?
>
> [Schwenk]: I respect my attorney's opinion.

THE COURT: I just need you to say on the record that's what you want her to do. You want her to argue in the alternative?

[Schwenk]: Yes.

N.T., 7/21/15, at 215-16; **see also** N.T., 7/20/15, at 178.

At the PCRA hearing, Schwenk's trial counsel testified that after a trial judge speaks with a defendant, she would typically explain what the judge was stating. **See** N.T., 12/21/21, at 30. To that end, Schwenk's trial counsel stated that she would have explained the judge's statements regarding waiver of the ineffectiveness claim to Schwenk, but further indicated that she did not tell him what to do and that he had to make his own decision in response. **See id.** at 22, 29-30, 32. Schwenk's counsel could not recall if she suggested to Schwenk that he have different counsel advise him as to whether he should waive the ineffective assistance of counsel claim. **See id.** at 32; **see also id.** at 10 (wherein Schwenk testified that there was no discussion about retaining different counsel regarding the waiver of the ineffective assistance of counsel claim).

The PCRA court found as follows:

The trial court advised [Schwenk] of trial counsel's ill-advised approach of arguing two mutually exclusive defenses, and [Schwenk] chose to proceed with trial counsel arguing both defenses. The trial court made [Schwenk] aware of its concerns regarding trial counsel's inconsistent theories numerous times throughout trial. Therefore, because [Schwenk] selected to continue with trial after being cautioned by the court of trial counsel's strategy, [the PCRA court] finds that [Schwenk] knowingly, intelligently, and voluntarily waived any claims to ineffective assistance of counsel on this matter. … The trial

> transcript does not indicate that at any time trial counsel permitted Petitioner to waive ineffective assistance of counsel claims. … Furthermore, the evidence does not establish that trial counsel chose to pursue legally impermissible inconsistent defenses, nor that trial counsel encouraged [Schwenk] to waive an ineffective assistance of counsel claim.

PCRA Court Opinion, 8/1/22, at 6-7.

Here, based upon this record, it is unclear whether Schwenk understood he was waiving his right to raise an ineffective assistance of counsel claim related to the alternative defenses. The trial court merely asked Schwenk whether he wanted to proceed based upon the alternative defenses presented by trial counsel to which Schwenk agreed. However, the trial court did not provide Schwenk with an accurate description of the rights that he was foregoing on the record. Confusing this issue further was trial counsel's bald statements that she explained Schwenk's rights, but that Schwenk had to make the final decision. In effect, the trial court presented Schwenk with a Hobson's choice between accepting the alternative conflicting defenses by trial counsel and waiving any ineffectiveness claims or foregoing counsel's advice and forcing counsel to state that her choice demonstrated her own ineffectiveness. *See Commonwealth v. Bradley*, 261 A.3d 381, 398 (Pa. 2021) (stating that "counsel cannot argue his or her own ineffectiveness." (citation omitted)). Therefore, Schwenk did not make a voluntary, express, and intelligent waiver of his right to PCRA review on this claim. *See Baker*, 72 A.3d at 668-69 (concluding that because there was nothing said on the record was an accurate description of the PCRA rights the defendant was

forfeiting, there was no express and voluntary waiver of his right to PCRA review). Accordingly, the underlying ineffectiveness claim has arguable merit.

Further, there was no reasonable basis for counsel to allow Schwenk to waive the claim and Schwenk was prejudiced as he would not have been able to raise the ineffectiveness claim in a timely PCRA petition. As such, because Schwenk raises an ineffectiveness claim regarding counsel's choice to raise alternative conflicting defenses, we will address his argument in this regard.

In his second claim, Schwenk contends that trial counsel was ineffective for providing deficient advice in deciding to raise the alternative inconsistent defenses at trial. **See** Appellant's Brief at 20. Schwenk argues that his claim has arguable merit because counsel's decision produced confusion at trial to the point the trial judge had side-bar discussions to understand the defenses being presented. **See id.** at 22. Schwenk further asserts that there was no reasonable basis to present the alternative defenses, claiming that they distracted the jury from considering the merits of each defense. **See id.** at 22, 23-24. Schwenk maintains that the trial judge's instruction on self-defense does not establish that counsel acted reasonably, as a defendant who denies the use of deadly force cannot avail himself of a self-defense instruction. **See id.** at 23-24. Finally, Schwenk argues that counsel's actions prejudiced him as there was a reasonable probability that raising a single defense would have changed the outcome of the trial. **See id.** at 24, 26-27. Schwenk claims that, although the PCRA court cited to facts establishing his guilt, such evidence

must be considered in the context of counsel's choices, noting that a single defense theory could have established that the gunshots occurred during a "tussle" and the shots would have been justified. *See id.* at 24-25, 26. According to Schwenk, counsel's testimony at the PCRA hearing that she considered his input in presenting the defenses does not absolve her responsibility to provide effective counsel. *See id.* at 27.

"[G]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if [s]he chose a particular course that had some reasonable basis designed to effectuate [her] client's interests." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted).

At the PCRA hearing, trial counsel testified that she sought to raise alternative defenses as a method to attack and poke holes in the Commonwealth's evidence. *See* N.T., 12/21/21, at 20-21, 22, 28-29, 30-31. Trial counsel highlighted that Schwenk insisted that he did not fire the gun, and indicated that Rodriguez was the shooter, but would not implicate her in the murder. *See id.* at 20-21, 23-24, 33-34. As a result, trial counsel indicated she could not put Schwenk on the stand to testify. *See id.* at 21. She felt that her best chance to not contradict Schwenk's stated position that he was not the shooter was to give the jury an alternative defense to obtain a lesser

conviction. **See id.** at 24, 30-31. Trial counsel noted that the trial court provided a self-defense instruction to the jury, and that the self-defense claim was viable as the jury had to determine whether the Commonwealth proved its case. **See id.** at 25, 34; **see also** N.T., 7/24/15, at 189-93 (instructing the jury regarding self-defense). Trial counsel also testified that she went over the legal repercussions with Schwenk about introducing the alternate defenses. **See** N.T., 12/21/21, at 22.

At trial, the Commonwealth argued to the jury that Schwenk should be found guilty of first-degree murder. Trial counsel's argument was that Schwenk was not the shooter, and, in the alternative, if the jury believed Schwenk was the shooter, he acted in self-defense. In effect, counsel used this strategy to avoid a first-degree murder conviction and mandatory life sentence. Indeed, the evidence presented at trial established that Schwenk was seen chasing after Gallon when the gunshots were heard; the gun used to shoot the victim was found near Schwenk; Schwenk had gunshot residue on his hands immediately after the shooting; a man matching Schwenk's description was seen attempting to pick up shell casings at the crime scene; and a jailhouse informant claimed Schwenk admitted to the shooting and sought to frame Rodriguez.

Schwenk has not established that seeking a sole defense would have resulted in a greater success, especially considering the fact the trial court instructed the jury on both defenses. **See Commonwealth v. Charleston**,

94 A.3d 1012, 1019 (Pa. Super. 2014) ("Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." (citation omitted)). Therefore, although counsel's strategy did not acquit Schwenk, we conclude that it was reasonable strategy to mitigate the risk of a first-degree murder conviction under the circumstances. **See Commonwealth v. Daniels**, 104 A.3d 267, 292 (Pa. 2014) (stating that trial counsel's strategy to make alternative defense arguments at trial was reasonable because the burden of proof still rests with the Commonwealth). Likewise, Schwenk cannot establish that he was prejudiced, as the trial court instructed the jury on the two defenses and the jury was shown a substantial amount of evidence indicating that he was the shooter.

We also reject Schwenk's reliance on **Commonwealth v. Mayfield**, 585 A.2d 1069 (Pa. Super. 1991) (*en banc*), to support his ineffectiveness claim. In **Mayfield**, this Court determined whether the defendant was entitled to a self-defense instruction when he denied committing the act for which he was convicted. **See id.** at 1070. This Court emphasized that a denial of the use of deadly force would preclude the defendant from raising his self-defense claim, but concluded that, because the defendant argued he did not cause the injuries, he was entitled to a self-defense instruction. **See id.** at 1077. Here, Schwenk received a self-defense instruction, and Schwenk fails to

demonstrate that **Mayfield** establishes counsel is ineffective by raising alternate defenses. Based upon the foregoing, we conclude that Schwenk's ineffectiveness claim is without merit.

In conclusion, we find that Schwenk did not waive his right to raise an ineffective assistance of counsel claim for raising alternative defenses at trial; however, his claim that trial counsel was ineffective for raising the alternative inconsistent defenses is without merit. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/07/2023